KENNETH MACGILFREY et al., Respondents, v. GEORGE M. HOTALING, Appellant.— GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which denied defendant's motion for permission to amend his answer so as " to plead * * * the complete affirmative defenses of *res judicata* and collateral estoppel " in an action by plaintiff Marjorie J. MacGilfrey to recover damages for her personal injuries and property damage and by plaintiff Kenneth MacGilfrey, her husband, to recover for his wife's medical expenses and his loss of her services, by reason of the alleged negligence of defendant Hotaling whereby an automobile operated by him collided with that operated by plaintiff Marjorie J. MacGilfrey. An action in negligence brought in the United States District Court, Northern District of New York, against both operators, to recover for personal injuries sustained by a passenger in the MacGilfrey car, and a parent's derivative action against the same parties, resulted in verdicts for damages against both operators; and the judgments entered thereon form the basis of defendant's application in the case before us. In denying the motion, Special Term found *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) controlling and in its opinion stated: " Since Mrs. MacGilfrey and Mr. Hotaling were not true adversaries in the action in Federal court, wherein no duty existed to contest the issue of negligence between them in that jurisdiction, and no pleadings existed between them as such pleadings now exist in the action in this court, the Federal court judgment settled nothing as to the liability of the codefendants to each other. The issues in this action in the Supreme Court, therefore, differ from those in the earlier action." Appellant contends that *Glaser* was overruled by *Cummings* v. *Dresher* (18 N Y 2d 105), decided two years after the decision and order in the case before us, and argues that *Cummings* mandates reversal of that order. *Glaser* is directly in point, as Special Term found, and *Cummings* is not; and although certain

language in *Cummings* may presage the end of the *Glaser* rule, which seemed still viable as late as the unanimous 1962 decision in *Minkoff* v. *Brenner* (10 N Y 2d 1030), the fact remains that it was not expressly overruled or, indeed, referred to in *Cummings*; and if implicitly it was, or is to be, overruled, the announcement thereof should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court (see *Grande* v. *Torello*, 12 A D 2d 937; *Friedman* v. *Salvati*, 11 A D 2d 104, 106.) Order affirmed, with costs. Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.