WILLIS G. THOMAS et al., Respondents, v. HENDRICKSON BROS., INC., Appellant.— GABRIELLI, J. Appeal from a judgment of the Supreme Court entered September 25, 1967 in Cortland County, upon a verdict rendered at a Trial Term in favor of plaintiffs. In the construction of Interstate Route 81, the defendant carried on certain blasting operations near plaintiffs' residence and a jury has returned a verdict for them based on damages resulting from both trespass and concussion caused by defendant's activities. Appellant's claim that plaintiffs are not the real parties in interest is unavailing. The record clearly shows them to be the rightful owners of the claims. The case was submitted to the jury on the theory of strict liability with the jury being required only to determine whether the blasting operations were the proximate cause of the damages, without regard to negligence on defendant's part. While this rule may prevail insofar as it relates to damages resulting from trespass, it does not apply to any damages occasioned only by concussion. While we are unable to allocate the amount of loss resulting from either trespass or concussion, it appears that the bulk of the claimed damage was caused by the concussion following the various blasting operations. In order for plaintiffs to recover for these latter damages, they must demonstrate by a fair preponderance of the evidence that the blasting was performed in a negligent or improper manner. (*Page* v. *Dempsey,* 184 N. Y. 245; *Booth* v. *R., W. & O. T. R. R. Co.,* 140 N. Y. 267; *Nordone* v. *Mondo,* 269 App. Div. 896; *Shemin* v. *City of New York,* 6 A D 2d 668.) In reaching our determination we have not overlooked the cogent argument advanced by respondents for imposition of strict liability in concussion cases or the observations of Chief Judge Desmond on that subject in *Schlansky* v. *Augustus V. Riegel, Inc.* (9 N Y 2d 493, 496–497), and see *Heimer* v. *Johnson, Drake & Piper* (51 Misc 2d 958), but we consider that we are

bound by *Booth* (*supra*). If *Booth* is to be overruled, " the announcement thereof should come from the authoritative source and not in the form of interpretation or prediction by an intermediate appellate court " (*MacGilfrey* v. *Hotaling*, 26 A D 2d 977, 978). Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.