■ In the Matter of WILLIAM J. HEYLIGER, Appellant. TUNE-TIME FASHIONS, INC., Respondent.— Order, Supreme Court, New York County, entered on July 6, 1971, denying petitioner's motion for enforcement of an order of settlement, unanimously reversed, on the law and on the facts, and the motion granted to the extent hereinbelow set forth. Appellant shall recover of respondent $50 costs and disbursements of this appeal. In January, 1969, petitioner instituted the instant proceeding to dissolve Tune-Time Fashions, Inc. (hereafter "Tune-Time"), because of irreconcilable disputes among the stockholders. Petitioner then owned 50% of the stock of Tune-Time with the remaining 50% held by the estate of Jack Helfand for ultimate distribution to Helfand's three legatees, his wife, his daughter and his son Marshal Helfand (hereafter "Marshal"). Petitioner and Marshal agreed to settle the proceeding and a "Final Order" was entered thereon pursuant to which, *inter alia*, petitioner sold to Marshal his 150 shares of stock in Tune-Time, payable $20,000 contemporaneously and the remaining $15,000 in six equal semiannual installments of $2,500 each, commencing May 10, 1970, against delivery by petitioner to Marshal of a proportionate number of his remaining shares of stock (i.e., 10⅔ shares for each $2,500 semiannual payment). The final decretal paragraph of said order provided that "should (petitioner) or (Marshal) fail to comply with each and every decretal paragraph (thereof), then, and in that event, application may be made to this Court for enforcement hereof." The settlement was made on the supposition that petitioner owned 150 shares of Tune-Time outright. Such, however, was not the case. Petitioner and Jack Helfand owned only 100 shares each of Tune-Time in their own names, with the remaining 100 shares owned by Allen-A Sales Co., Inc. (hereafter "Allen-A"), another corporation owned

by petitioner and Jack Helfand, equally. Accordingly, after petitioner delivered 86 shares of Tune-Time to Marshal for the $20,000 payment and 10⅔ shares against the first $2,500 installment, he only had 3⅓ shares of Tune-Time stock left standing in his own name and was, therefore, unable to deliver the number of shares required to be presented in order to compel payment of the second $2,500 installment. Special Term held that this disability excused performance by Marshal. We disagree. Marshal knew that Allen-A owned 100 shares of Tune-Time from the inception of this proceeding. In order to facilitate compliance with the settlement, petitioner and Marshal agreed to dissolve and liquidate Allen-A so that the shareholders thereof could each receive their respective shares of Tune-Time, with each to pay one half of the necessary legal fees and any franchise taxes due. Thereafter, Marshal refused to fulfill his part of the agreement. It is, of course, now well settled that the law contemplates fair dealing between parties to a contract and that a party who prevents his adversary from performing a condition may not rely on such failure to excuse his own nonperformance. (*Grad* v. *Roberts*, 14 N Y 2d 70; *Arnies* v. *Wesnofske*, 255 N. Y. 156.) Accordingly, Marshal is directed to co-operate with petitioner in the dissolution of Allen-A, in accordance with his prior agreement, and to execute any and all documents necessary to accomplish the same. Alternatively, at Marshal's option, petitioner shall be permitted to deliver to Marshal an equivalent number of shares of Allen-A in satisfaction of his obligation to deliver shares of Tune-Time. Settle order on notice. The appeal from the order of Supreme Court, New York County, entered on August 26, 1971, denying petitioner's motion for reargument, is unanimously dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — McGivern, J. P., Murphy, Steuer, Tilzer and Eager, JJ.