OPINION OF THE COURT
Michael Wollin, J.
Action by plaintiff Ronald Woodson, pro se, against defendant Frankart Kings Inc., represented by counsel, for $1,000 for breach of warranty.
Plaintiff Woodson purchased from the defendant a dinette set consisting of a cabinet, table and chairs for $895.76.
Immediately after delivery, the plaintiff found the cabinet doors in need of alignment, table unlevel and chairs to be repaired. The defendant at the convenience of the plaintiff aligned the cabinet doors, repaired the chairs but plaintiff refused to allow defendant to repair table, seeking an exchange.
An exchange of the table was made and levelers inserted but plaintiff claims dissatisfaction and that the table remains *1102 out of line and has instituted this proceeding for breach of warranty.
The plaintiff testified that he had been in the construction business for over 14 years and had been required to use leveling tools and asserted that he tested the table and it is out of line and not attributable to the condition of the surface of the floor. In addition, the testimony of a neighbor, Anthony Charles, confirmed the observations of the testing of the table and floor supporting the contentions of the plaintiff.
Kenneth Baile, called by the defendant, testified as an expert in the field and stated that he tested the table in the warehouse before replacement and found it to be level and the fault lies with the condition of the floor and not the table.
Unsuccessfully, the court tried to dissuade hostility and persuade adjustment during and after trial.
Apparently the best efforts of the defendant were not enough to satisfy the plaintiff, yet, the plaintiff, as well, was a reasonable man.
It appeared that the plaintiff and defendant both felt aggrieved, with the plaintiff asserting the table was in need of further adjustment and the defendant futile in its efforts to meet the standards of the plaintiff.
The witnesses were earnest and adamant in their respective positions and the court was unable to resolve their differences.
Article 18 of the New York City Civil Court Act deals with small claims proceedings and more particularly, section 1804 fixes the guideposts for the procedure of small claims.
Section 1804 of the CCA in part states: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”.
This court is compelled to adhere to precedent and is decisionally precluded from resisting tested waters. (MacGilfrey v Hotaling, 26 AD2d 977; Thomas v Hendrickson Bros., 30 AD2d 730.)
The learned Professor David D. Siegel in his excellent text, New York Practice, in discussing the decisional application of substantial justice, the determinant in a small claims procedure, concludes (p 819): "What is apparently meant is that the substantive law can be flexed a bit as long as it is not broken off entirely.”
*1103 Professor Siegel finds support in Blair v Five Points Shopping Plaza (51 AD2d 167), in a statement made in the penultimate part of the decision, as follows: "Since the leasehold agreement does not with certainty require the plaintiffs to reimburse appellant for the repairs, it cannot be said that a determination adverse to appellant is so shocking as to not be substantial justice.”
The use of the word "shocking” must be read juxtaposed with the word "certainty” and in the context of the sentence and the entire decision. Since the lease is not "certain”, the determination is not "shocking” and courts may reasonably differ.
More importantly, in the very decision the Appellate Division in addressing itself to the lower appellate court which observed that there is no definition of substantial justice quoted from Buonomo v Stalker (40 AD2d 733) that the trial court "must be given wide latitude and discretion in the conduct of the proceedings”, and "do substantial justice * * * according to the rules of substantive law”, and found that the trial court did.
It appears to this court that Professor Siegel is in error.
Substantial justice merely permits reasonable latitude to ignore procedure but substantive law still mandates the decisional process. Any other meaning would be legally unacceptable since who is so wise as to determine whether claimant or the defendant is to receive its beneficence, particularly with jurisdictional limits of $1,000.
Small Claims has not abandoned substantive law but merely cautiously unleashed procedural law (Bierman v Consolidated Edison Co., 66 Misc 2d 237; Jewett v Jewett, 79 Misc 2d 76).
In the instant proceeding, not to detract from the witness for the defendant, the plaintiff exhibited expertise in the applicable trade to a finer degree and in addition tested the table at the site of use. The testimony of the defendant testing the table at the warehouse under dissimilar conditions, after the burden of proof shifted, was unable to tilt the scales of justice to the substantive level required. The evidence inevitably leads to the conclusion that only the table needs alignment and that it is correctable.
The court finds in favor of the plaintiff and that the fair and reasonable cost of repair is $150. Judgment for plaintiff is $150.