OPINION OF THE COURT
Arthur B. Curran, J.
This matter involves: A motion to consolidate the three above-entitled actions; a cross motion seeking dismissal of the plaintiffs’ complaint as against the defendant, Norman L. Worth; and a cross motion requesting an order amending the caption of action No. 1 nunc pro tunc.
With regard to the motion to consolidation, neither the attorneys appearing on the return date of the above-entitled motion, nor any other attorney and/or attorneys have opposed the motion to consolidate. Therefore, the plaintiffs’ motion to consolidate the three aforesaid actions is granted.
The plaintiffs, James D. Cramer, Sr. and James D. Cramer, Jr., brought this action as a result of personal *160 injuries sustained by the infant plaintiff, James D. Cramer, Jr., on August 17, 1980, when he was allegedly struck by a rock which had been dislodged from an embankment above where said infant was standing.
The action was commenced against “Norman L. Worth, as father and natural guardian of Jamey Worth, et al” by service of a summons and complaint upon the defendant, Norman L. Worth.
In order for personal service to provide the court with jurisdiction over the infant, the clear statutory requirements of CPLR 309 will generally have to be complied with. CPLR 309 (subd [a]) requires that personal service upon an infant must be made upon the parent or any person having legal custody. That section also provides that if the infant is 14 years or older, service must be made personally upon the infant. “Personal service upon an infant shall be made by personally serving the summons within the state upon a parent or any guardian or any person having legal custody * * * If the infant is of the age of fourteen years or over, the summons shall also be personally served upon him within the state.”
The Court of Appeals in Ingersoll V Mangam (84 NY 622, 624) ruled “[sjervice on the infant alone, or on the father, mother, guardian or other person mentioned alone, does not constitute a personal service within the statute. Service upon both must concur to answer its requirement.” (See, also, State Bank v Murray, 27 AD2d 627 [service upon infant alone was not sufficient to give court jurisdiction; such failure by the statute constitutes a jurisdictional defect].)
Professor Siegel’s hornbook on New York Practice makes a distinction between service of process (CPLR 309) and appearance (CPLR 1201).
“When the infant or incompetent is the defendant, a distinction must be drawn between service of process, which is made pursuant to CPLR 309, and appearance, which is governed by CPLR 1201 * * *
“The plaintiff about to sue an infant * * * need not concern himself initially with CPLR 1201. He should merely effect service pursuant to CPLR 309. Doing so, he *161 obtains jurisdiction. Ordinarily it is only then that CPLR 1201 becomes relevant, in order to determine who may appear for the defendant.” (Id., Parties, § 195.)
However, the court is presented with a novel approach with regard to commencing an action against an infant, to wit: commencing the action solely against the infant’s guardian, pursuant to CPLR 1004.
CPLR 1004 provides that a suit may be brought by or against a guardian of an infant’s property instead of the person represented. Thus far, the courts of the State of New York have not dealt with the question of whether CPLR 309 may be circumvented by instituting a suit under the mandates of CPLR 1004. Because the statute is thus far unconstrued, the provision of this section, allowing an action to be commenced against the guardian of the property of an infant, is, apparently, seldomly invoked.
The defendant argues that CPLR 1004, like CPLR article 12 does not address the manner in which personal jurisdiction is acquired, but, rather, deals with representation of the party served. Additionally, the defendant stresses that the guardian of the property of an infant is a court-appointed representative and is not the same as a parent and natural guardian.
The court concludes that CPLR 1004 is not a statute that deals with an appearance, as governed by CPLR 1201. The language of CPLR 1004 suggests that the statute is intended as a directive in order to obtain jurisdiction over an infant, without resorting to the traditional service on the infant as compelled by CPLR 309. The practical effect of CPLR 1004 is that it is undoubtedly useful in an action against an infant, inasmuch as it dispenses with the necessity for serving the infant.
However, where the infant was not named as a defendant, but the infant’s father/mother and natural guardians are, will service on said natural guardians be deemed effective in accordance with CPLR 1004?
A guardian is basically defined as, “[a] person to whom the law has intrusted the custody and control * * * of an infant”. (Ballentine’s Law Dictionary [3d .ed], p 540.) In *162 determining the meaning of the “guardian of the property,” the court must explore the term’s use within the CPLR. The explanation of “guardian of the property” is the essential key necessary to answer the question of whether service on a father under the guise of CPLR 1004 is an alternative to the service prescribed by CPLR 309.
The plaintiff states that a distinction between the term “guardian of the property of an infant” and the term “parent and natural guardian,” is unwarranted. Nowhere in New York State law is the term “guardian of the property of an infant” defined for purposes of the CPLR.
CPLR 309 (subd [a]) allows service to be made “upon a parent or any guardian or any person having legal custody”. (Emphasis added.) CPLR 1004 states that a “guardian of the property of an infant” may sue or be sued. (Emphasis added.) Finally, CPLR 1201 requires that “an infant shall appear by the guardian of his property or, if there is no such guardian, by a parent having legal custody”. (Emphasis added.) In addition, the CPLR provides for a “guardian ad litem.” The guardian ad litem should not be confused with the above-mentioned permanent guardianships. A guardian ad litem is appointed only to represent an infant in litigation.
Thus, for our purposes, the CPLR classifies the guardians as: parent; any guardian; and guardian of the property of an infant. Even though the plaintiffs would desire that no distinction be made between the words parent and guardian of the property of an infant, a literal interpretation of the CPLR leads to the conclusion that a guardian of the property of an infant is not a synonym for parent and/or natural guardian.
CPLR 1004, argued by the plaintiffs to be an alternative to CPLR 309, confines itself to a few basic legal relationships. Whereas CPLR 309 and 1201 makes mention of the “parent”, CPLR 1004 is phrased so as to include a guardian of the property of an infant only.
It should be noted that CPLR 1210 provides a method by which a guardian of the property of an infant may be appointed. As a general rule, such guardians would only be appointed when the child’s parents are dead, disabled or in some way incapable of handling the property of the infant.
*163 A review of other laws and the procedures of courts other than the Supreme Court also evidences the fact that a guardian of the property of an infant is not to be used as substitute for parent. The Surrogate’s Court may appoint a guardian of the infant’s property although both parents are alive. (See SCPA 1701.) Under section 661 of the Family Court Act, the Family Court is invested with the power to appoint a guardian for the property of an infant, separate and apart from the custody and control exerted by the infant’s parents. Likewise, section 81 of the Domestic Relations Law authorizes a surviving parent to appoint a guardian for the property of an infant, by inter vivos instrument or by will.
The plaintiffs are accurate in their proposition that the CPLR does not define the term guardian of the property of the infant and the term parent and natural guardian. Nonetheless, an analyzation of the use of these terms within the CPLR and the fact that the CPLR utilizes the terms as separate entities, convinces the court that a distinction does exist and failure to serve an infant as required by CPLR 309 will not be excused by service on an infant’s parent and natural guardian in reliance on the provisions of CPLR 1004.
CPLR 309 was enacted to afford an infant of 14 years or older a chance to be apprised of any actions against him. In most instances a 14 year old will display the powers of reason necessary to aid a guardian or parent in defending the infant’s position.
It is a general premise of law that a parent is not liable for the torts of a child merely because he/she is a parent. In order for a parent to be held liable for a child’s tortious conduct there must be a showing of negligence on the parent’s part. (See 2C Warren, NY Negligence, Parent and Child, § 1.03 [1].)
The plaintiffs’ complaint fails to state a cause of action against the defendant, Norman L. Worth. The only mention of the defendant is an allegation contained in the third cause of action alleging that the infant plaintiff’s injuries were caused by the negligence of the infant Jamey Worth. Therefore, plaintiffs’ cause of action against the defendant, Norman L. Worth, individually, must fail.
*164 Hence, the court finds that: the plaintiffs have not alleged a cause of action against the defendant, Norman L. Worth; and personal jurisdiction was never acquired over the infant, Jamey Worth, as contemplated by the CPLR. Thus, defendant’s motion to dismiss will be granted and the plaintiffs’ motion seeking leave to amend and substitute Jamey Worth as the proper party defendant shall be denied.
Whether or not the Statute of Limitations will preclude the plaintiffs’ claims is not in issue before this court. Accordingly, the court has not addressed this issue.