OPINION OF THE COURT
John R. Cannizzaro, J.
In this action plaintiff seeks recovery for a $750 fee paid to defendant Nurse Midwifery Associates, and further compensatory damages relating to the defendant’s alleged dereliction of duties.
Plaintiff’s principal allegation is that defendant failed to render adequate services, to wit: by dispensing improper and/or incomplete prenatal advice to plaintiff’s wife and by neglecting to provide services during the birth of plaintiff’s son.
*142 Although plaintiff’s pleadings are, in fact, insufficient and vague, interpretation of his claims will be given the widest latitude by this court, given the small claims nature of this matter, and with regard to CCA 1804, “Informal and simplified procedure on small claims”. Of course, notwithstanding the wide latitude to be given to the parties with regard to procedural matters, this court is compelled to decide the merits of this action in accordance with tenets of established law. As the learned Judge Michael Wollin noted in Woodson v Frankart Kings Inc. (98 Misc 2d 1101, 1103):
“substantive law still mandates the decisional process. Any other meaning would be legally unacceptable since who is so wise as to determine whether claimant or the defendant is to receive its beneficence * * *
“Small Claims has not abandoned substantive law but merely cautiously unleashed procedural law”.
For reasons- stated below, this court holds that plaintiff’s cause of action is not based in substantive law and consequently, shall be dismissed.
Testimony adduced at trial indicates that a contractual arrangement was created between the plaintiff and defendant for certain midwifery services. It appears that, for various administrative reasons, no fee was to be charged by defendant for services rendered during childbirth, but that the agreed upon fee was for prenatal and postnatal care. Nevertheless, this court believes that the promise of defendant to be present during the childbirth was a material factor for plaintiff to retain the services of defendant and was therefore an important part of the contract. Even so, it does not appear that defendant’s presence at childbirth was unconditionally guaranteed or that, even if it were guaranteed, defendant was at fault in not attending that event.
In order to establish whether defendant’s conduct constituted a breach of contract, this court will construe the agreement to identify those terms which determine the pertinent obligations of the respective parties.
Plaintiff argues, and this court agrees, that defendant promised to perform delivery services during the childbirth. However, it is apparent to this court that such *143 service was an integral part of a package of services — preliminary to, during and subsequent to the childbirth. Since defendant was obligated to perform a total package of services, the failure to perform only one facet, the attendance at the childbirth, did not necessarily constitute a material breach of the contract.
The facts indicate that plaintiff received a substantial benefit of the bargain by requesting and accepting the rendition of defendant’s prenatal and postnatal services on approximately one dozen occasions. Although the failure of defendant to attend the childbirth was indeed unfortunate, defendant did expend a significant amount of time, energy and expertise. As a result, it is the court’s opinion that defendant performed a substantial portion of the obligations which arose upon the formation of the contractual relationship and therefore did not materially breach the contract.
Notwithstanding the finding that the alleged failure to act was not a material breach, this court also holds that defendant’s conduct could not, even in a nonmaterial manner, be considered a breach of the contract.
We recognize, at the outset, an implicit understanding between the parties that defendant would make “best efforts” to attend to the delivery of the child. Such interpretation is based upon the fact that the parties were in frequent contact, as per defendant’s promise to render services to plaintiff’s wife “as needed”. Attendance at the childbirth would be an expected part of these services, but would necessarily be dependent upon plaintiff first notifying defendant that the childbirth was imminent.
In Aron v Gillman (309 NY 157, 163) the Court of Appeals stated that, “[I]n construing the provisions of a contract we should give due consideration to the circumstances surrounding its execution * * * and, if possible, we should give to the agreement a fair and reasonable interpretation”. Under the circumstances existing at the time that this contract was created, this court believes that, according to Gillman, defendant would be obligated to make “best efforts” to attend to the delivery, and that such obligation would arise only after proper notification of this event was relayed to defendant.
*144 The facts indicate that plaintiff’s wife contacted the defendant several hours prior to the childbirth and complained of various pains in her stomach and head. However, plaintiff admits that defendant questioned plaintiff’s wife extensively and then, based upon the answers given, concluded that plaintiff’s wife was not experiencing labor pains. Indeed, plaintiff further admits that the pains suffered by his wife immediately prior to the childbirth were of a substantially qualitative difference and were obviously labor pains. Since the labor pains did not begin until just a few minutes before the childbirth, proper notification of plaintiff’s wife’s condition could not be conveyed to defendant. As a result, defendant was not provided an opportunity to exert the best efforts to attend this childbirth.
Stated in a more “legalistic” fashion, defendant should not be liable for breach of contract because the purported breach was directly caused by plaintiff’s breach of his contractual condition, i.e., the timely notification to defendant of the forthcoming birth. It is not necessary that plaintiff’s breach be intentional — a mere failure to perform the condition would be enough to vindicate the defendant. Thus, even if defendant had “guaranteed” to attend the childbirth, plaintiff’s inability and resultant failure to notify defendant of the forthcoming birth, relieved defendant of its “guaranteed” obligation.
In the case of Kooleraire Serv. & Installation Corp. v Board of Educ. (28 NY2d 101), the court outlined the general rule that a party to a contract cannot rely on the failure of another to perform where the original party has frustrated or prevented the occurrence of the condition. Similarly, in United States v Bedford Assoc. (548 F Supp 732), the District Court, applying New York law, stated that (p 737) “where one of the parties to a contract makes performance by the other materially more difficult or expensive, the latter will be discharged.” (See, also, Matter of Heyliger, 39 AD2d 698, 699 [“a party who prevents his adversary from performing a condition may not rely on such failure to excuse his own nonperformance”].)
The above-cited cases indicate that plaintiff’s failure to satisfy the condition precedent — notification of defendant of the impending birth — should relieve this defendant of *145 the obligation to attend that event. Justice dictates that this rule apply even though plaintiff’s failure to notify defendant in a timely manner was unintentional and unavoidable. This holding seems clearly to be the most equitable disposition of the instant action, especially in light of the degree of services rendered by defendant, even without attendance at the childbirth.
Based upon the finding that defendant’s failure to attend the childbirth did not constitute a breach of its contractual obligations, and that defendant performed in a significant and substantial manner, this court holds that plaintiff’s action to recover payments made to defendant should be dismissed in its entirety.
Plaintiff has moved for a reargument of this action because of alleged prejudice resulting from a ruling from the Bench. In that ruling, this court sustained defendant’s objection to plaintiff questioning defendant as an expert witness in order to determine the standard by which defendant’s reasonable conduct could be judged.
For reasons stated below, plaintiff’s motion is denied, and the dismissal of his action shall stand.
Initially, plaintiff has failed to convince this court that the limited privilege enumerated in the McDermott case (McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20), applies in the instant case. In recognizing the difficulty in securing independent expert witnesses to testify against a physician, the Court of Appeals in McDermott ruled that plaintiff could properly question the defendant doctor against his will as an expert witness. The court reasoned that:
“the plaintiff’s only recourse in many cases may be to question the defendant doctor as an expert in the hope that he will thereby be able to establish his malpractice claim * * *
“The very inability of a plaintiff in a malpractice action to compel the attendance and testimony of a ‘disinterested’ medical witness underscores the need and importance of allowing such a plaintiff the opportunity of questioning his adversary as an expert.”(15 NY2d, at pp 27-28, 29.)
The McDermott court and its progeny (e.g., Keane v Sloan-Kettering Inst., 96 AD2d 505; Segreti v Putnam *146 Community Hosp., 88 AD2d 590), have applied the above-stated rule to those medical malpractice situations where plaintiff was likely to have great difficulty in locating an expert to testify against the defendant doctor.
In the instant case, there is no indication whatsoever that plaintiff was unable to locate an expert who would testify about the acceptable practices of a “midwife”. Since a wide range of individuals regularly perform and assist in childbirth services, plaintiff could likely have chosen from a large class of doctors, nurses and support personnel to elicit the necessary testimony. Thus, the reasons enumerated by the McDermott court for permitting plaintiff to question an unwilling defendant as an expert do not exist in the instant case.
This court holds that the McDermott rule is to be applied in limited instances, where it does not appear that expert testimony may be easily procured by plaintiff’s own efforts. A holding to the contrary in the instant case would interpret the McDermott rule as permitting plaintiff to elicit expert testimony from defendants in all cases where plaintiff has not called his own expert and where defendant might be deemed to be “an expert”. We believe that such an interpretation could set the stage for an unreasonable number of plaintiffs to demand expert testimony from nonexpert defendants, merely by arguing that since no expert has been called to testify, defendant should be qualified as such. If this court’s position unreasonably limits the McDermott rule, we welcome appellate review of that position.
It is possible that plaintiff failed to bring in his own expert witness, not because he could not locate one, but for the reason that recovery in this small claims action is limited to $1,500, and it was uneconomical to hire an expert to testify at trial. However, as was stated earlier, the small claims nature of this case permits lenient application of procedural standards, but does not affect this court’s interpretation and application of the substantive rules of evidence. Strict application of substantive rules of evidence is especially important in a malpractice case where defendant may not only be liable for the payment of damages, but could also suffer serious injury to reputation.
*147 In any event, even if defendant’s expert testimony were admissible under the McDermott rule, we believe that such testimony was still properly excluded by this court because the McDermott rule applies only to expert testimony in a malpractice action, while plaintiff’s cause of action herein is based solely on contractual liability.
Finally, this court is compelled to admonish plaintiff, a pro se attorney, that this action could easily have been dismissed on the grounds that he failed to join his wife as a necessary party. (See Millington v Southeastern Elevator Co., 22 NY2d 498.) However, this court has heard this case and made its decision with regard not only to the desire for small claims procedural leniency cited above, but also with concern for the principle that disposition of causes of action on their merits is strongly favored. (Colgar Enterprises v Di Giaimo, 41 AD2d 654.)
Based upon all of the foregoing, plaintiff’s cause of action against defendant is dismissed.