OPINION OF THE COURT
Alexander A. Delle Cese, J.
The claimant seeks recovery for damages to her 1976 automobile as a result of an accident on April 29, 1986 with a motor bike operated by Patrick Brennan, an infant of 15 years of age. The action is brought against Frank Brennan as the parent and guardian of Patrick. Both appeared at the trial with counsel who actively participated on both questions of liability and damages.
*418 The trial also adduced the testimony of the infant.
The testimony and exhibits advanced by claimant was of proceeding north on Liebig Avenue toward 263rd Street in Bronx County, after having let a passenger, John Lodge, out. That at a six-car distance south of 263rd Street Patrick Brennan on the motored vehicle came through 263rd Street where a stop sign existed, turned left and mounted her vehicle. The photographs produced in evidence indicated a cracked windshield, a slight indentation at forward part of hood at passenger side, and what appears as a slight bend in forward portion of right fender that also indicated an open area that was corroded and rusted. The testimony also was of the infant leaving the scene and being located thereafter at his parents’ residence.
The evidence before the court establishes the negligence of the infant in the operation of the vehicle and now concerns itself with a determination of its jurisdiction and whether a judgment may be awarded herein. The court answers this question in the affirmative.
The infant sui juris being over 14 years of age was not served with process as required by CPLR 309 without any objection raised to the lack of service during the court proceedings that were actively defended by counsel in his behalf with his natural guardian and father with whom infant resided present. The view of this court that had the requirement of service been existent herein, it would have been waived.
The court, in its pursuit of authority, although finding determinations with relevancy yet distinguishable and not involving a pro se litigant in the Small Claims Court and its determination herein may be one of first instance.
The court has examined Ingersoll v Mangam (84 NY 622 [1881]) and Cramer v Henderson (123 Misc 2d 159 [1984]) with infants as parties in both cases.
Neither case involved a matter in the Small Claims Part of the Civil Court and distinguishable from the instant case. The Ingersoll case (supra) involved a foreclosure action wherein the infant under 14 years of age and a resident of New Jersey held a fractional interest in real property. The court held that service on the mother in New York who had not been appointed guardian of the infant at time of service of process was jurisdictionally defective. The case involving questions of title to real property in a rural nation of 105 years ago did not *419 present the same needs to render determination after 6:30 p.m. in Small Claims Part of the Civil Court where procedural concerns must be viewed through a different lens.
The Cramer case (supra). A well-reasoned decision by Justice Curran in Supreme Court, Yates County, involved a claim for personal injuries with an infant over 14 years of age, a named defendant. The court was confronted with a motion to consolidate and cross motions by defendants, one of which sought dismissal against the infant on jurisdictional grounds, the infant not being served. The court, after reviewing CPLR 309, 1004 and 1201, determined that section 1004 not previously construed in that in providing for service on the guardian of an infant’s property, did not find a parent and natural guardian to be synonymous and service on parent not legally designated a guardian was insufficient. The court was not presented with a determination with service on parent and service or active participation in trial by the over 14 years of age infant with active participation by counsel in his defense.
The plaintiff in this case served the parent as the natural guardian without service on over 14-year-old infant. The court reviewed the varied sections of CPLR 309, 1004 and 1201. In construing CPLR 1004 not previously construed as amended to provide that service on a parent and natural guardian was not service on the guardian of an infant’s property and sustained the jurisdictional motion to dismiss, had the infant also been served, or had the matter not been challenged prior to trial, a different result may have arisen.
In rendering this decision, the court has further considered the statutory guidelines, CCA 1804 and its mandate that hearings be conducted "in such manner as to do substantial justice between the parties according to the rules of substantive law and shall not be bound by statutory provisions or rules of practice, procedure”; and, its requirement that substantial justice be done between the parties procedural requirements may be applied considerably more loosely than by other courts. (See, Woodson v Frankart Kings, Inc., 98 Misc 2d 1101 [Kings County 1979].)
A determination against the pro se plaintiff in the instant case where no prejudice to the defendant would be a frustration of her rights and a sterilization of this court.
Judgment for the claimant for $350 with interest from April 29, 1986.