■ FOELLY CRANE, Individually and as Administrator of the Estate of · RITA CRANE, Deceased, Appellant, v LONG ISLAND COLLEGE HOSPITAL et al., Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for medical malpractice and loss of consortium, in which the jury found in favor of the plaintiff and against the defendants-respondents Long Island College Hospital and Warren, in the amounts of $85,000 for personal injuries and $25,000 for loss of consortium, and apportioned damages as between the said respondents, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County, dated October 4, 1976, which, *inter alia,* granted a motion and cross motion to set aside the jury's verdict and to dismiss the complaint. Order and judgment modified, on the law, by deleting the second and third decretal paragraphs thereof and by substituting therefor provisions that the motion and cross motion are granted to the extent that the award for loss of consortium is reduced to the amount of $15,000 and that the motion and cross motion are otherwise denied. As so modified, order and judgment affirmed, with one bill of costs to plaintiff payable jointly by respondents Long Island College Hospital and Warren, and action remanded to Trial Term for the entry of an appropriate amended judgment in accordance herewith. The evidence presented by plaintiff established that Rita Crane, deceased, suffered "tourniquet paralysis" while undergoing surgery for a fractured elbow. Plaintiff conclusively proved that the "tourniquet paralysis" resulted from the negligence of Dr. Robert Fiske Warren and/or Dr. Mohamed Safai, an employee of Long Island College Hospital. Based upon plaintiff's case, the jury could reasonably have concluded that either or both doctors were negligent. The defendants rested without presenting any evidence. In the absence of any evidence by either of the above-mentioned defendants, it cannot be said that there was no rational process by which the jury could have found in plaintiff's favor; the verdict should therefore not have been set aside (see *Villiard v Columbus Hosp.,* 52 AD2d 922; see, also, *Pipers v Rosenow,* 39 AD2d 240). The jury awarded plaintiff $85,000 for the personal injuries sustained by Rita Crane, and $25,000 for loss of consortium. The award of $25,000 has been reduced to $15,000, the amount set forth in the *ad damnum* clause of the complaint (see *Liggieri v Pasternack,* 51 AD2d 731). Cohalan, Acting P. J.; Hawkins, Mollen and O'Connor, JJ., concur.