■ JOANN SCOTT, as Administratrix of the Estate of ROBERT SCOTT, Deceased, Appellant, v BROOKDALE HOSPITAL CENTER, Respondent, et al., Defendants.—In an action to recover damages for wrongful death and conscious pain and suffering, sounding in medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Kings County, entered July 9, 1976, which granted the respondent's motion to set aside the jury verdict in favor of the plaintiff and to dismiss the complaint and (2) the judgment of the same court, entered thereon on August 5, 1976. Judgment and order reversed, with costs, motion denied, jury verdict reinstated and it is directed that judgment be entered thereon. The evidence presented by the plaintiff established that on July 3, 1970 Robert Scott, the deceased, suffered a sudden severe and incapacitating headache which caused him to yell, scream and beat his hands against the side of the bed. He also had a fever and vomited a few times. When taken to respondent Brookdale Hospital, he was examined by an intern who diagnosed his condition as gastroenteritis and released him. After a few days, the severe headache subsided. One month later, on August 3, 1970, the decedent was again rushed to the hospital after having suddenly fallen down unconscious. He died six days later as the result of an intracranial hemorrhage secondary to rupture of a berry aneurysm. Plaintiff's medical expert testified that the terrible headache which the decedent had suffered on August 3, 1970 was a result of a "leak" or bleed from an aneurysm located at the base of the brain. The expert went on to testify that if the decedent had been admitted to the hospital on July 3, and the proper tests made, the condition would have been discovered and that surgery could have been performed which would have afforded him a 90% chance of recovery. According to the expert, the fact that the decedent had such a debilitating headache was itself enough to warrant certain tests and consultation with a neurologist or neurosurgeon. The failure of the hospital to do so constituted a departure from accepted standards of medical practice. In our opinion, Trial Term incorrectly ruled that the testimony of plaintiff's expert "constituted merely an assumption from facts inadequate, as a matter of law, to sustain that assumption." (See *Crane v Long Is. Coll. Hosp.,* 57 AD2d 604.) Rather, it was undisputed that the decedent was suffering from an unusually severe and incapacitating headache on July 3, 1970. Accordingly, the opinion of plaintiff's expert was based not on speculation, but on that established fact. Thus, it was for the jury to decide whether it would credit his testimony. Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.