■ SYLVIA SCHNEIDER et al., Respondents, v MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, Sued Herein as MEMORIAL SLOAN-KETTERING HOSPITAL CENTER, et al., Appellants. — In a medical malpractice action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Kings County (Wagner, J.), dated November 26, 1982, which awarded plaintiff Sylvia Schneider $780,000 ($500,000 for conscious pain and

suffering and $280,000 for loss of wages) and awarded plaintiff Arthur Schneider $300,000 for loss of services, upon a jury verdict. ¶ Judgment modified, on the facts and as a matter of discretion, by reducing the amount awarded to Sylvia Schneider to $500,000, representing damages for conscious pain and suffering, and by adding thereto a provision severing Sylvia Schneider's claim for loss of wages and Arthur Schneider's claim for loss of services and granting a new trial with respect thereto, unless plaintiffs serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict with respect to Sylvia Schneider for loss of wages to $100,000 and to reduce the verdict with respect to Arthur Schneider to $100,000 and entry of an amended judgment accordingly. As so modified, judgment affirmed, without costs or disbursements. Plaintiffs' time to serve and file a stipulation is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event plaintiffs so stipulate, then the judgment in their favor, as so reduced and amended, is affirmed, without costs or disbursements. ¶ Based upon the evidence presented by plaintiffs, the jury could reasonably have concluded that the failure of defendants, upon Sylvia Schneider's continued complaints of back pain, to take more rigorous measures to ascertain the cause of her complaints, constituted a departure from accepted standards of medical practice, in view of the expert testimony that she was at a high risk of developing metastatic disease, that the type of breast cancer from which she suffered will spread to the bones in a high percentage of cases, and that when this spreading occurs, the patient will commonly complain of back pain. The jury could also have reasonably concluded that the delay in diagnosing the metastasis of Sylvia Schneider's breast cancer to her bones, and in particular, to her spine, was the proximate cause of the collapse of two of her lumbar vertebrae, and her consequent pain and loss of mobility (see *Kallenberg v Beth Israel Hosp.*, 45 AD2d 177, affd 37 NY2d 719; *Scott v Brookdale Hosp. Center,* 60 AD2d 647). ¶ We do not disturb the verdict in favor of Sylvia Schneider for conscious pain and suffering. However, we find that the jury's verdict for loss of earnings is excessive, and, therefore, must be reduced. The size of the verdict fails to reflect her poor prognosis and reduced life expectancy as well as the likelihood of a shortened work life brought about by the incurable nature of her underlying disease, not caused by any negligence of defendants, and the debilitating side effects of its treatment. Similarly, the award to Arthur Schneider in the sum of $300,000 for loss of his wife's services was excessive in that it failed to take into account the fact that the underlying disease, and the serious side effects brought about by its treatment, were, and could in the future be expected to be the cause of much of her inability to perform her usual services. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.