Cheryl **PRUITT** and Robert Pruitt, Plaintiffs,

v.

**SUFFOLK OB–GYN GROUP, P.C.,** William **Ciaravino, M.D., and John DeAngelis, M.D., Defendants.**

No. 85 CV 1649.

United States District Court, E.D. New York.

July 31, 1986.

Pegalis J. Wachsman, Great Neck, N.Y. by Steven E. Pegalis, Alice F. Collopy, for plaintiffs.

Martin, Clearwater & Bell, New York City by Erik Kapner for Suffolk OB–GYN and Dr. Ciaravino.

Russano, Mosé & Connick, Garden City, N.Y. by Frederick P. Mosé for Dr. DeAngelis.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiffs, in this diversity action seek damages arising from the defendants' alleged medical malpractice. On May 9, 1986, a jury returned a verdict in favor of the plaintiffs, awarding $2,750,000 to plaintiff Cheryl Pruitt and $250,000 to her husband, Robert Pruitt. The jury found both of the defendant-physicians negligent, and determined that 80% of the total negligence causing the damage was attributable to Dr. DeAngelis and the remaining 20% was attributable to Dr. Ciaravino and the Suffolk County OB–GYN Group.

Defendants move for a new trial on the familiar ground that the verdict is against the weight of evidence. They also move for a reduction in the verdict on the grounds of excessiveness. Fed.R.Civ.P. 59(a).

### Facts

Plaintiff Cheryl Pruitt and her husband, Robert Pruitt, bring this action to recover money damages for personal injuries allegedly sustained by Mrs. Pruitt and for Mr. Pruitt's loss of her services. The defendants, William A. Ciaravino, M.D., an obstetrician-gynecologist, and John DeAngelis, M.D., a breast surgeon, examined Mrs. Pruitt during the period from October to November 1982.

In September 1983, Mrs. Pruitt underwent a modified radical mastectomy for a cancer in her left breast. Thereafter, she

was subjected to approximately one year of chemotherapy.

Plaintiff claimed at trial, and the jury apparently found, that defendants were negligent in failing to diagnose her cancer during their examinations of her in 1982, and that as a result, her cancer spread, thus minimizing the likelihood of total cure and subjecting her to increased future risk.

### Discussion
#### Apportionment of Liability

As previously stated, defendants Suffolk OB–GYN Group, P.C. and Dr. William Ciaravino have moved, *inter alia,* for a new trial on the ground that their apportioned liability (20%) is excessive. These defendants claim not to be liable at all. They contend that Dr. Ciaravino properly referred the patient to a breast surgeon, and thus, was relieved of responsibility. In the event that a new trial on liability is not granted, these defendants request that the Court reduce their percentage of liability.

■ The latter request is readily disposed of, since a jury's apportionment of responsibility—unlike a damages award—is not subject to adjustment by the device of remittitur. *Akermanis v. Sea-Land Service, Inc.,* 688 F.2d 898, 902–03 (2d Cir. 1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2087, 77 L.Ed.2d 290 (1983). Thus, the Court need only consider defendants' motion for a new trial.

■ The decision to grant a new trial is addressed to the sound discretion of the trial court. *DeMonaco v. Mastellone,* 630 F.Supp. 294, 298 (E.D.N.Y.1983). In *Bevevino v. Saydjari,* 574 F.2d 676 (2d Cir.1978), the Second Circuit set forth the standard by which a trial court should evaluate a motion for a new trial:

The trial judge, exercising a mature judicial discretion, should view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result. The judge's duty is essentially to see that there is no miscarriage of justice. If convinced that there has been then it is his duty to set the verdict aside; otherwise not.

*Id.* at 684 (quoting 6A Moore's Federal Practice ¶ 59.08[5] at 59–160 to 59–161). *See Newmont Mines, Ltd. v. Hanover Insurance Co.,* 784 F.2d 127, 132 (2d Cir. 1986). The question is not whether the Court would have resolved the matter differently. Rather the inquiry must be whether the jury has arrived at a verdict which lies on the spectrum of defensible interpretations of the evidence.

■ Upon reviewing the record in its entirety, this Court cannot conclude that the jury's apportionment of liability was "seriously erroneous" or a "miscarriage of justice." *See Orshan v. Macchiarola,* 570 F.Supp. 620, 624 (E.D.N.Y.1983). The jury could reasonably have found from the evidence adduced at trial that Dr. Ciaravino departed from accepted medical practice in advising the patient that her condition was fibrocystic or benign. More significantly, the evidence supports a finding that upon discovering that Dr. DeAngelis had not performed the tests necessary for a proper diagnosis of plaintiff's condition, Dr. Ciaravino could be found negligent in failing either (a) to communicate with Dr. DeAngelis, (b) to secure another surgeon's opinion or (c) to otherwise ensure that plaintiff underwent the necessary tests. Certainly, the jury could rationally have found that Dr Ciaravino's actions (or inaction) substantially caused or contributed to the spread of plaintiff's cancer. Likewise, there is ample evidence in the record to support the jury's finding as to Dr. DeAngelis' negligence. Accordingly, the motion for a new trial on the issue of liability is denied.

#### Excessiveness of Award

■ The motion for a new trial on the ground of excessiveness of the verdict is more troublesome. In reviewing a claim of excessive damages, the Court must accord substantial deference to the jury's determi-

nation of factual issues. *See Wheatley v. Ford*, 679 F.2d 1037, 1039 (2d Cir.1982). Nonetheless, "a judgment cannot be upheld where the damages awarded are so excessive 'as to shock the judicial conscience.'" *Martell v. Boardwalk Enterprises, Inc.*, 748 F.2d 740, 750 (2d Cir.1984) (quoting *United States ex rel. Larkins v. Oswald*, 510 F.2d 583, 589 (2d Cir.1975)). In evaluating the excessiveness of an award, a court sitting in diversity may look to other awards condoned by the courts of the state whose substantive law governs—in this case New York. *Martell v. Boardwalk Enterprises, supra*, 748 F.2d at 750.

The jury in this case awarded $2,750,000 to Cheryl Pruitt. The record contains little, if any, evidence that Mrs. Pruitt has been or will be responsible for any medical expenses. Nor has plaintiff proven a significant loss of earnings. While she currently is unemployed (performing only volunteer work), the evidence suggests that plaintiff is capable of working. Indeed, in the first fifteen or sixteen months following her surgery (but prior to her family's move to Maryland), Mrs. Pruitt was earning roughly the same amount of money as she had earned in the years immediately prior to the discovery of her cancer.

Thus, absent significant proof of medical expenses and lost earnings, it is clear that the $2,750,000 verdict represents an award for the pain, suffering and mental anguish Mrs. Pruitt has experienced and will experience as a result of her injuries. Viewed in this light—and giving due consideration to the seriousness of plaintiff's injuries—the jury's award appears excessive.

In reaching this conclusion, the Court has compared this award with awards by New York courts for similar injuries. *See, e.g., Tiernan v. Heinzen*, 104 A.D.2d 645, 480 N.Y.S.2d 24, 26 (2d Dep't 1984) ($1,000,000 award for pain and suffering and wrongful death resulting from failure to diagnose breast cancer); *Schneider v. Memorial Hospital for Cancer and Allied Diseases*, 100 A.D.2d 583, 584, 473 N.Y.

S.2d 524, 525 (2d Cir.1984) (upholding $500,000 pain and suffering award for spread of breast cancer); *Sygman v. Kahn*, Vol. III, No. 11 N.Y. Jury Verdict Reporter at 13 (Kings County 1984) ($900,000 award—which included pain and suffering and lost earnings—for failure to diagnose breast cancer in forty year-old teacher); *Alamia v. Medical Center of Brooklyn, Inc.*, Vol. III, No. 6 N.Y. Jury Verdict Reporter at 34 (Kings County 1984) ($1,030,000 for pain and suffering and wrongful death resulting from failure to diagnose rectal cancer). *See also Beckom v. United States*, 584 F.Supp. 1471, 1485 (N.D.N.Y.1984) ($800,000 for pain and suffering and wrongful death arising from failure to diagnose breast cancer).

▪ Of course, recognizing the inherent difficulty in comparing one personal injury award to another, the Second Circuit has cautioned that these awards should not be regarded "as setting a maximum on the plaintiff's permissible recovery, but only as providing guidance to levels of recovery that are realistic rather than fanciful." *Martell v. Boardwalk Enterprises, supra*, 748 F.2d at 754. Upon consideration, the Court concludes that the evidence in this case cannot justify an award to Mrs. Pruitt in excess of $1,200,000.

▪ Likewise, the award of $250,000 to Mr. Pruitt for his loss of Mrs. Pruitt's services is much higher than any such award condoned by the New York courts in the cases just cited. *See, e.g., Beckom v. United States, supra*, 584 F.Supp. at 1485 ($150,000 award for loss of services); *Tiernan v. Heinzen, supra*, 480 N.Y.S.2d at 26 ($50,000 award for loss of services); *Schneider v. Memorial Hospital, supra*, 473 N.Y.S.2d at 525 ($100,000 award for loss of services). Accordingly, I find that any award to Mr. Pruitt in excess of $90,000 is excessive.

Thus, in light of the excessiveness of the awards, the defendants' motion for a new trial on the issue of damages[1] is granted

---

1. A new trial limited to the issue of damages is appropriate here, since this issue is sufficiently distinct from the issue of liability that a separate

unless plaintiffs agree to remit all damages in excess of $1,200,000 as to Mrs. Pruitt and $90,000 as to Mr. Pruitt.

### Conclusion

The motion for a new trial is denied with respect to liability, and granted with respect to damages, unless plaintiffs accept a remittitur of all sums in excess of $1,200,000 for Cheryl Pruitt and $90,000 for Robert Pruitt.

SO ORDERED.

trial may be had without injustice. *See Martell*  *v. Boardwalk Enterprises, supra,* 748 F.2d at 756.