■ ALPHONSE GENTILE et al., Respondents, v AUGUSTO ONGSIAKO et al., Appellants.—Judgment, Supreme Court, New York County (Michael Dontzin, J.), entered September 14, 1990, which upon a jury verdict apportioning liability 83% to defendants Dr. Augusto Ongsiako and Staten Island Medical Group-HIP and 17% to defendant New York Eye and Ear Infirmary, awarded plaintiff Alphonse Gentile judgment in the amount of $850,000, plus interest, and awarded plaintiff Josephine Gentile the amount of $100,000, plus interest, unanimously affirmed, without costs. The appeal of defendant New York Eye and Ear Infirmary from an order of said court and Justice, entered on or about July 24, 1990, which denied the defendants' motions to set aside the verdict is dismissed as subsumed in the appeal from the judgment.

Plaintiff Alphonse Gentile underwent surgery on or about May 11, 1983 to remove a parotid tumor near his right ear. During the surgery, plaintiff's facial nerve was severed, causing him permanent partial facial paralysis. Plaintiff has undergone two subsequent operations in an attempt to alleviate his inability to completely close one eye, and substantial pain and discomfort. Further, plaintiff has an asymetrical facial

disfigurement which is apparent at all times but which becomes more pronounced when he tries to smile or laugh. Plaintiff is unable to drink from a glass without the liquid dripping and he has difficulty eating. As a result of his disfigurement, plaintiff, who theretofore was socially active and outgoing, and who was well known and politically active in his community, became reclusive, and has suffered a diminution of his general enjoyment of life. It is undisputed that a severing of the facial nerve during the type of operation that took place in this case, where the tumor was located in the superficial layer of the parotid gland, constitutes negligence. There is also expert testimony that a failure to observe that the nerve had been severed, prior to closing the facial tissue, constitutes negligence. Dr. Ongsiako himself testified that he and the other residents assisting in the operation did in fact observe, after the surgery was completed, that the nerve appeared to be thin and that there was no response when the trunk of the nerve was electrically stimulated, but they failed to notice that the nerve had been severed 7/8 of the way through, a condition discovered through subsequent and not entirely successful corrective surgery. Under the facts of this case, it cannot be said that the jury could not have reached its determination of negligence and apportioned respective fault as it did "upon any fair interpretation of the evidence" *(Cornier v Spagna,* 101 AD2d 141, 149). Neither may defendant New York Eye and Ear Infirmary avoid liability by relying on its choice not to have the senior resident or any of the other residents under its control and who were present and who participated in the surgery testify as to their respective roles *(see, Crane v Long Is. Coll. Hosp.,* 57 AD2d 604, *affd* 43 NY2d 984, 985). In addition, given that defendant Dr. Ongsiako was plaintiff's attending physician and that the assisting residents were under the control of defendant New York Eye and Ear Infirmary, the jury's apportionment of fault is adequately supported by the evidence.

In as much as the jury's award does not "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]), we decline to disturb it. Concur—Sullivan, J. P., Kupferman, Ross, Smith and Rubin, JJ.