■ JOAN VANDENBURGH et al., Appellants, v COLUMBIA MEMORIAL HOSPITAL, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 25,

1989 in Greene County, upon a verdict rendered in favor of defendant.

This negligence action involved injuries sustained by plaintiff Joan Vandenburgh while an obstetrics patient at defendant. Approximately five hours after giving birth, she was assisted to the bathroom where, left unattended, she became unconscious and fell, injuring her teeth. Plaintiffs brought suit against defendant alleging essentially that, by leaving its patient unattended in the bathroom during her first time out of bed following delivery, defendant negligently deviated from good and accepted hospital practice.

After a trial and during their deliberations, the jury sought guidance from Supreme Court by way of the following note: "We the jurors have evaluated the evidence presented in this case. We believe that the main issue involves the standards in effect at [defendant] on March 11, 1981. We further believe that neither side has offered evidence to support their position regarding standards in effect at the time of the incident. We place equal weight on the testimony of defendant and plaintiffs' witnesses in regard to the standards in effect at the time. We are therefore unable to reach a decision."

Supreme Court then reinstructed the jury on plaintiffs' burden of proof after which plaintiffs requested instructions to the jury that they "consider one standard of care for the Greater Capital District area in 1981 when this incident occurred and not a standard of care that would vary from hospital to hospital". The court implicitly denied the request and gave supplemental instructions which began: "Again, in regard to the locale law: There is no local law, it's what a hospital such as [defendant], that type of hospital, it's not a great big municipal hospital and it's not a small hospital, but you have to take the locale of what the standard is for hospitals similar in nature and size as [defendant] is, and that may be more than just one or two, it may be a conglomeration of what the hospitals are throughout the Capital District, or a larger district." Shortly thereafter, the jury found for defendant. Plaintiffs now appeal from the judgment entered upon the verdict.

We reverse and remit the matter for a new trial. Plaintiffs argue that Supreme Court erred in charging the jury to apply the standard of care for hospitals similar to defendant in nature and size and that such error must lead to a new trial. We agree. "Hospitals are duly charged to exercise reasonable care in safeguarding a patient, and whether a breach of that duty occurs necessitates a comparison to the standard of care

customarily exercised by hospitals in the community" *(Zellar v Tompkins Community Hosp.,* 124 AD2d 287, 289; *see,* 2B Warren, Negligence in New York Courts, Hospitals, § 5.01, at 485-488). Whether we consider "community" in the context of geographic area *(see, Baldwin v Gretz,* 65 AD2d 876) or similar localities *(see, Segreti v Putnam Community Hosp.,* 88 AD2d 590, 592), the general standard of care in safeguarding patients placed upon hospitals within a community does not deviate according to their "nature or size". Nor do the specific facts of this case lend themselves to an expansion of the community rule to include those considerations. The correct procedure when attending to a patient's need to use the bathroom is not, in this instance, a function of the nature or size of a hospital and those factors were improperly weighed in determining a community standard of care. Recognizing the substantial prejudice the jury instruction placed on plaintiffs, who introduced no proof as to the applicable standards at hospitals of similar size to defendant within the community, we find a reversal is necessary.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.