■ ROBERT CUTSOGEORGE, Appellant, v HERTZ CORPORATION et al., Respondents. [695 NYS2d 375] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (LaTorella, J.), entered July 2, 1998, which, upon an order of the same court granting the oral applications of the defendants to preclude him from presenting certain medical testimony based on his alleged failure to comply with disclosure requirements, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the order is vacated, the applications to preclude are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In this action involving several separate motor vehicle ac-

cidents, a bifurcated trial was ordered (*see, Cutsogeorge v Hertz Corp.,* 239 AD2d 540). Immediately prior to the scheduled commencement of the liability phase of the trial, counsel for the plaintiff served expert witness notices upon the attorneys for the respective defendants. The notices indicated that several physicians who previously had examined and/or treated the plaintiff were expected to testify at trial regarding the contents of the reports pertaining to the plaintiff's condition which they had prepared. Copies of these reports were appended to the notices, and it is undisputed that the reports had already been turned over to the defendants years earlier. The attorneys for the defendants complained that the plaintiff's disclosure of this expert witness information was untimely, and they orally moved to preclude the plaintiff from introducing any related medical evidence at trial. The Supreme Court granted the applications, reasoning that preclusion was warranted because the plaintiff had failed to timely comply with the disclosure requirements of 22 NYCRR 202.17 and CPLR 3101 (d). Furthermore, the court dismissed the complaint, finding that once the medical evidence was precluded, the plaintiff would be unable to sustain his burden of proof at the damages phase of the trial. We reverse.

Contrary to the determination of the Supreme Court, the plaintiff clearly complied with his disclosure obligations under 22 NYCRR 202.17 by serving copies of the examination and treatment reports and other medical documents during the course of pretrial discovery. While the Supreme Court found that the plaintiff was required to provide notice of the expert witnesses at least 30 days before trial pursuant to 22 NYCRR 202.17 (g), that provision is not applicable to the facts of this case, in that it merely requires that if a party intends to claim further or additional injuries at trial, or intends to offer the testimony of additional medical witnesses, he must serve medical reports relevant thereto at least 30 days prior to trial. Since the plaintiff turned over the subject medical documents years in advance of the trial, he did not violate this Court rule governing the exchange of medical reports.

Furthermore, the Supreme Court erred in finding that the plaintiff was required to serve the expert witness notices at least 30 days before trial pursuant to CPLR 3101 (d) (1) (i). "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information 'at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute', unless there is evidence of intentional or willful fail-

ure to disclose and a showing of prejudice by the opposing party" (*Aversa v Taubes,* 194 AD2d 580, 582, quoting *Lillis v D'Souza,* 174 AD2d 976). While the plaintiff's service of the subject expert witness notices should have been more prompt, the Supreme Court erred in ordering the preclusion of medical testimony and dismissal of the complaint under the circumstances of this case. The record amply demonstrates that there was no intentional or willful failure to disclose on the part of the plaintiff, and it is clear that the defendants were not prejudiced because they had received the medical reports of the proffered experts years earlier and thus had detailed notice of the basis and content of each expert's anticipated testimony. Accordingly, preclusion and dismissal were unwarranted (*see, e.g., Herd v Town of Pawling,* 244 AD2d 317; *McDermott v Alvey, Inc.,* 198 AD2d 95). Finally, any purported deficiencies in the notices with regard to the qualifications of the experts or other matters may be remedied at the direction of the Supreme Court prior to the commencement of the damages phase of the bifurcated trial, since the testimony of the proffered experts would only be relevant to that aspect of the case. O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.