■ JEANETTE DAVIS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [709 NYS2d 587] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), entered May 11, 1999, which, upon a jury verdict finding them 100% at fault in the happening of the accident and awarding damages (1) to the plaintiff Kenneth Davis in the sum of $14,449,000 ($2,000,000 for past pain and suffering, $5,000,000 for future pain and suffering, $749,000 for past custodial care, $2,800,000 for future custodial care, $1,600,000 for future transportation costs, and, $2,300,000 for future therapy), and (2) to the plaintiff Jeanette Davis in the sum of $750,000 ($500,000 for past loss of services and $250,000 for future loss of services), and upon an order of the same court dated October 15, 1998, granting their motion pursuant to CPLR 4404 (a) to set aside the verdict as to liability or to set aside or reduce the verdict as to damages only to the extent of setting aside the verdict as to damages awarded to the plaintiff Kenneth Davis for past and future pain and suffering, future transportation costs, and future therapy, and to the plaintiff Jeanette Davis for past and future loss of services, and ordering a new trial with respect thereto unless the plaintiff Kenneth Davis stipu-

lated to reduce the verdict as to (1) past pain and suffering from the sum of $2,000,000 to the sum of $500,000, (2) future pain and suffering from the sum of $5,000,000 to the sum of $2,000,000, (3) future transportation costs from the sum of $1,600,000 to the sum of $600,000, and (4) future therapy from the sum of $2,300,000 to the sum of $1,500,000, and unless the plaintiff Jeanette Davis stipulated to reduce the verdict as to past loss of services from the sum of $500,000 to the sum of $50,000, and future loss of services from the sum of $250,000 to the sum of $50,000, and upon the plaintiffs' stipulation to the reduced award, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff Kenneth Davis for future pain and suffering, future custodial care, future transportation costs, and future therapy, and to the plaintiff Jeanette Davis for future loss of services, and substituting therefor a provision severing those causes of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, without costs or disbursements.

The Supreme Court improvidently exercised its discretion in precluding the testimony of the defendants' infectious disease expert who was to testify regarding the injured plaintiff's life expectancy. The defendants did not intentionally or willfully fail to disclose the identity of this witness, and they disclosed the name and the expected testimony of this expert witness before the opening statements of the liability phase of the trial (*see, Cutsogeorge v Hertz Corp.,* 264 AD2d 752). The jury was charged, *inter alia,* that future damages were to be based on the injured plaintiff's life expectancy. Accordingly, the jury should have been presented with the testimony of the defendants' expert on the effects of the injured plaintiff's underlying infection with the Human Immune Deficiency Virus, i.e., HIV, on his life expectancy (*see, Melito v Genesee Hosp.,* 167 AD2d 842; *Schneider v Memorial Hosp. for Cancer & Allied Diseases,* 100 AD2d 583). Therefore, the matter must be remitted for a new trial on the issue of damages for future pain and suffering, future custodial care, future transportation services, future therapy, and future loss of services.

However, the damages awarded to the plaintiffs for past pain and suffering and past loss of services, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

The parties' other contentions are without merit. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.