■ WILLIAM VEGA et al., Appellants, v PASQUALE LaPALORCIA, Respondent. [722 NYS2d 563] —In an action to recover dam-

ages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Garry, J.), dated January 13, 2000, which granted the defendant's motion to preclude them from offering expert witness testimony at trial, and (2) a judgment of the same court, entered April 10, 2000, which, upon the granting of the defendant's motion for judgment as a matter of law made at the close of the plaintiffs' case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motions are denied, the order dated January 13, 2000, is vacated, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Upon retaining an expert witness six weeks before the scheduled commencement of trial, the plaintiffs immediately served the defendant with a notice pursuant to CPLR 3101 (d). The plaintiffs later served the defendant with a supplemental response further detailing the expected testimony of their expert. Under these circumstances, the plaintiffs did not intentionally or willfully fail to comply with CPLR 3101 (d), and the defendant was not prejudiced. Accordingly, the Supreme Court erred in precluding the plaintiffs' expert from testifying at trial (*see, McCluskey v Shapiro,* 273 AD2d 284; *Davis v City of New York,* 273 AD2d 342; *Cutsogeorge v Hertz Corp.,* 264 AD2d 752).

The Supreme Court also improperly restricted the plaintiffs' direct examination of the defendant. It is well settled that a plaintiff in a medical malpractice action may call as a witness the defendant doctor and question him or her as an expert witness (*see, McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20; *Braun v Ahmed,* 127 AD2d 418, 420; *Segreti v Putnam Community Hosp.,* 88 AD2d 590, 592). Accordingly, the court should have permitted the plaintiffs' attorney to fully examine the defendant doctor regarding alleged departures from accepted medical practice and the issue of informed consent.

Since the plaintiffs were prejudiced by the preclusion of the

testimony of their expert witness and the curtailment of their examination of the defendant doctor, a new trial is granted. Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.