■ BARBARO SHOPSIN, Appellant, v SIBEN & SIBEN, ESQS., et al., Respondents. [733 NYS2d 697] —In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Klein, J.), entered October 26, 2000, which, upon the granting of the defendants' application to preclude her experts from testifying at trial, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendants' application is denied, the complaint is

reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

On the date scheduled for commencement of trial, the defendants moved to preclude the plaintiff from offering the testimony of two expert witnesses based upon her delay in complying with CPLR 3101 (d) (1) (i). The Supreme Court granted the motion to preclude, and dismissed the complaint on the ground that the plaintiff would be unable to establish a prima facie case without the proposed expert testimony.

On appeal the plaintiff contends that the Supreme Court improvidently exercised its discretion in granting the defendants' motion to preclude the two expert witnesses from testifying. We agree. CPLR 3101 (d) (1) (i) "does not require a party to respond to a demand for expert witness information 'at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute', unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Cutsogeorge v Hertz Corp.,* 264 AD2d 752, 753-754 [internal quotation marks omitted]; *see also, Blade v Town of N. Hempstead,* 277 AD2d 268; *McCluskey v Shapiro,* 273 AD2d 284; *Aversa v Taubes,* 194 AD2d 580). Here, there is no evidence that the plaintiff's delay in retaining expert witnesses and serving an expert witness notice was willful or intentional, and any potential prejudice to the defendants could have been alleviated by granting an adjournment. Under these circumstances, the court should not have precluded the plaintiff's witnesses from testifying (*see, Vega v LaPalorcia,* 281 AD2d 623; *McCluskey v Shapiro,* 273 AD2d 284). Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.