■ RANDALL D. DAILEY, SR., et al., Respondents, v PATRICIA KEITH et al., Appellants. (Appeal No. 1.) [760 NYS2d 715] —Appeal from that part of an order of Supreme Court, Steuben County (Furfure, J.), entered January 29, 2002, that denied defendants' motion to set aside the verdict.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Defendants appeal from a judgment entered on a jury verdict awarding Randall D. Dailey, Sr. (plaintiff) $240,000 in damages on a personal injury claim. Plaintiffs cross-appeal from that part of an order denying their cross motion to set aside the verdict insofar as it awarded plaintiff's wife no damages on her derivative claim. In the exercise of our discretion, we treat plaintiffs' notice of appeal as one taken from the final judgment (see CPLR 5520 [c]; DiCesare v Glasgow, 295 AD2d 1007, 1008 [2002]) and we dismiss the separate appeal of defendants from that part of the order denying their motion to set aside the verdict (see Smith v Catholic Med. Ctr. of Brooklyn & Queens, 155 AD2d 435 [1989]; see also CPLR 5501 [a] [1]).

Plaintiffs commenced this action to recover damages for injuries allegedly sustained by plaintiff in a motor vehicle accident in March 1996. Plaintiffs alleged that a motor vehicle operated by Patricia Keith (defendant) ran a stop sign and collided with the motor vehicle operated by plaintiff. Contrary to the contention of defendants, Supreme Court did not err in refusing to allow them to use defendant's own deposition pursuant to CPLR 3117 (a) (3) (ii) as direct evidence on the issue of liability. Although defendant had recently moved to Texas, her absence from the State and refusal to return for trial were voluntary, notwithstanding her change in employment and fear of flying. The court's exercise of discretion under CPLR 3117 is reviewable only for "clear abuse" (Feldsberg v Nitschke, 49 NY2d 636, 643 [1980]). Given "the law's preference for oral testimony in open court" (Siegel, NY Prac § 358, at 559 [3d ed]) and all the relevant facts and circumstances, we perceive no such abuse of discretion here.

We further conclude that the court properly denied defendants' motion to preclude plaintiffs' expert from testifying.

Contrary to defendants' contentions, plaintiffs' belated disclosure of the expert was not intentional or willful (*see Cutsogeorge v Hertz Corp.*, 264 AD2d 752, 753-754 [1999]; *Aversa v Taubes*, 194 AD2d 580, 582 [1993]) and "[t]he expert testimony offered no surprises" (*Lillis v D'Souza*, 174 AD2d 976, 976 [1991], *lv denied* 78 NY2d 858 [1991]). Furthermore, "any potential prejudice to the defendants could have been alleviated by * * * an adjournment" (*Shopsin v Siben & Siben,* 289 AD2d 220, 221 [2001]), which they failed to request. Defendants' further contention that the expert should not have been allowed to testify because he did not review plaintiff's medical records is not supported by the record. Defendants' additional contentions concerning plaintiffs' expert are not preserved for our review (*see* CPLR 4017; 5501 [a] [3]).

We further reject defendants' contention that the court erred in admitting plaintiff's certified medical records in evidence (*see Maxcy v County of Putnam*, 178 AD2d 729, 730 [1991], *lv dismissed* 80 NY2d 826 [1992]). We also conclude that defendants' request for a missing witness charge with respect to plaintiff's treating physicians was not timely (*see Thomas v Triborough Bridge & Tunnel Auth.*, 270 AD2d 336, 337-338 [2000]; *cf. Adkins v Queens Van-Plan*, 293 AD2d 503, 504 [2002]). Furthermore, to the extent that defendants contend that the court erred in charging the jury on the issue of serious injury, that contention is not preserved for our review (*see* CPLR 4110-b).

Defendants also contend that they were denied a fair trial by comments made by plaintiffs' counsel on summation allegedly "implor[ing] the jury to sit in the shoes of this poor plaintiff." Defendants failed to object to the comments when they were made and thus defendants' contention is not preserved for our review (*see Padilla v Style Mgt. Co.*, 256 AD2d 27 [1998]). In any event, in response to defendants' belated objection after summations were completed, the court gave a curative instruction alleviating any possible prejudice (*see Blanar v Dickinson,* 296 AD2d 431 [2002]; *Bacigalupo v Heathshield, Inc.,* 231 AD2d 538, 539 [1996]). We further reject defendants' contention that comments made by plaintiffs' counsel on summation concerning defendants' failure to call any expert witnesses were improper; the remarks were fair comment in response to remarks by defense counsel (*see Boshnakov v Board of Educ. of Town of Eden,* 277 AD2d 996 [2000], *lv denied* 96 NY2d 703 [2001]). Finally, we reject defendants' contention that the judgment should be reversed as a result of cumulative error.

On their cross appeal, plaintiffs contend that the jury's fail-

ure to award any damages on the derivative claim is inconsistent with the verdict in favor of plaintiff and thus the court erred in denying their cross motion to set aside the verdict. The court, however, properly denied the cross motion on the ground that plaintiffs failed to raise that alleged inconsistency before the jury was discharged (*see Bowes v Noone*, 298 AD2d 859, 860-861 [2002], *lv denied* 99 NY2d 506 [2003]; *see also Everding v Bombard*, 272 AD2d 937, 938 [2000]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.