■ Diana Lakins Johnson, Appellant, v Stephen T. Green-berg, M.D., et al., Respondents. [825 NYS2d 265]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated September 15, 2005, as granted the motion of the defendant Stephen T. Greenberg and the separate motion of the defendant Jamaica Hospital Medical Center to preclude the plaintiff from offering expert medical testimony at trial and to dismiss the complaint insofar as asserted against each of them, and denied as academic the plaintiff's cross motion to restore the action to the trial calendar.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions to preclude the plaintiff from offering expert medical testimony at trial and to dismiss the complaint insofar as asserted against each of them are denied, and the cross motion to restore the action to the trial calendar is granted.

This Court has held that preclusion for failure to comply with CPLR 3101 (d) is improper "unless there is evidence of intentional or willful failure to disclose and a showing of prejudice" (*Shopsin v Siben & Siben*, 289 AD2d 220, 221 [2001]; *see Lanoce v Kempton*, 8 AD3d 449 [2004]; *McCluskey v Shapiro*, 273 AD2d 284 [2000]; *Vega v LaPalorcia*, 281 AD2d 623 [2001]; *see also Marchione v Greenky*, 5 AD3d 1044 [2004]). In this case, the conclusory allegation by the defendant Stephen T. Greenberg of "undue prejudice" was without factual basis, particularly since the Supreme Court marked the action "off" the trial calendar when the action came up for trial on March 7, 2005 (*see Shopsin v Siben & Siben, supra; Dailey v Keith*, 306 AD2d 815 [2003], *affd* 1 NY3d 586 [2004]), thereby ameliorating any potential for prejudice to the defendants. In any event, the defendants received the plaintiff's expert witness information as part of the plaintiff's response to their respective motions.

Since the plaintiff moved to restore the action in a timely manner (*see* CPLR 3404; *Basetti v Nour*, 287 AD2d 126 [2001]) in conjunction with providing the expert witness information which the defendants sought, and in view of our determination that the defendants' motions should have been denied, the plaintiff's cross motion to restore the action to the trial calendar should have been granted (*id.*).

The remaining issues referred to in the Supreme Court's or-

der are not before us on this appeal. Adams, J.P., Krausman, Skelos and Lifson, JJ., concur.