■ PATRICIA GAYZ, Appellant, v EDWARD J. KIRBY et al., Respondents. [839 NYS2d 196]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 6, 2006, as granted that branch of the defendants' motion which was to preclude her from offering expert testimony at trial.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the defendants' motion which was to preclude the plaintiff from offering expert testimony at trial is denied.

Preclusion for failure to comply with CPLR 3101 (d) is improper " 'unless there is evidence of intentional or willful failure to disclose and a showing of prejudice' " (*Johnson v Greenberg*, 35 AD3d 380 [2006], quoting *Shopsin v Siben & Siben*, 289 AD2d 220, 221 [2001]). While there is evidence in this case that the plaintiff's belated disclosure of her expert information in response to the defendants' demand therefor was intentional, any potential prejudice to the defendants was ameliorated by the Supreme Court granting an adjournment of the trial at the same time as it granted that branch of the

defendants' motion which was to preclude the plaintiff from offering expert testimony at trial. Having decided to grant the plaintiff an adjournment of the trial, the Supreme Court improvidently exercised its discretion in granting preclusion (*see Johnson v Greenberg, supra; Dailey v Keith*, 306 AD2d 815 [2003]; *Shopsin v Siben & Siben, supra*).

To the extent that the defendants now request, as an alternative to preclusion, that the plaintiff's expert response be stricken, their request for this relief is made for the first time on appeal, and thus, it is not properly before us. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.