VALENTIN SALDIVAR et al., Appellants, v I.J. WHITE CORPORATION, Respondent, et al., Defendant. [847 NYS2d 224]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Johnson, J.), entered September 12, 2006, which, upon the granting of the motion of the defendant I.J. White Corporation pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiffs' evidence, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, the facts, and in the exercise of discretion, the motion is denied, the complaint insofar as asserted against the defendant I.J. White Corporation is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff Valentin Saldivar (hereinafter the plaintiff) sustained injuries at his workplace when he fell from a cooling tower containing a spiral conveyor belt used to cool baked goods before packaging. Just prior to opening arguments, the defendant I.J. White Corporation (hereinafter the defendant) moved in limine to exclude the testimony of the plaintiffs' expert on the ground that he was unqualified to render an opinion. With leave of court, the plaintiffs then formally served notice of their expert testimony on the defendant pursuant to CPLR 3101 (d). The parties engaged in extensive colloquy before the court on the defendant's motion, during which the plaintiffs expressed opposition to the motion, inter alia, on the ground that they were not required to formally serve a CPLR 3101 (d) notice because the defendant had notice of their expert's testimony through his prior affidavit submitted in opposition to the defendant's motion for summary judgment. Although the court, in effect, rejected the ground for exclusion set forth by the defendant, it nevertheless granted the defendant's motion to the

extent of limiting the testimony of the plaintiffs' expert only to matters set forth in his prior affidavit submitted in opposition to the defendant's motion for summary judgment, on the ground that the plaintiffs' CPLR 3101 (d) notice was untimely. In that affidavit, however, the expert set forth the foundational facts required to establish a prima facie case in strict liability predicated on a design defect by referring to the plaintiffs' response to the defendant's amended demand for a bill of particulars, which specified the alleged deviations from industry standards in the cooling tower's design (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 534 [1991]; *Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]; *D'Auguste v Shanty Hollow Corp.*, 26 AD3d 403, 404 [2006]; *Ramirez v Sears, Roebuck & Co.*, 286 AD2d 428, 430 [2001]).

Preliminarily, in light of the parties' oral argument before the Supreme Court as to whether, inter alia, preclusion of the testimony of the plaintiffs' expert was warranted because the plaintiffs did not serve their CPLR 3101 (d) notice until the trial, the plaintiffs preserved for appellate review their challenge to the trial court's preclusion ruling (*see* CPLR 4017; *Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50, 59 [2005]).

The trial court improvidently exercised its discretion in precluding the testimony of the plaintiffs' expert to the extent of limiting his testimony to the issues set forth in his prior affidavit. "CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information 'at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute,' unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Aversa v Taubes,* 194 AD2d 580, 582 [1993], quoting *Lillis v D'Souza,* 174 AD2d 976 [1991]; *see Gayz v Kirby,* 41 AD3d 782 [2007]). Here, there is no evidence that the plaintiffs' failure to formally serve a CPLR 3101 (d) notice prior to the trial was willful. Further, the defendant was not prejudiced by the plaintiffs' delay given that the plaintiffs had apprised the defendant of the subject matter and substance of the testimony of their expert several months before the trial through service of their bill of particulars which, inter alia, alleged that the defendant's cooling tower deviated from specific industry standards, and through the affidavit submitted by their expert in opposition to the defendant's motion for summary judgment (*see Aponte v City of New York,* 282 AD2d 372 [2001]; *cf. Durant v Shuren,* 33 AD3d 843, 844 [2006]; *Thomas v 14 Rollins St. Realty Corp.,* 25 AD3d 317, 318 [2006]).

In light of our determination, we need not reach the parties' remaining contentions. Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.