DAVID GRIFFITH, Plaintiff, and COREEN GRIFFITH, Respondent, v MICHAEL GALLAGHER et al., Appellants. (Appeal No. 1.) [852 NYS2d 864]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Griffith (plaintiff) when his pickup truck collided with a delivery truck operated by Michael Gallagher (defendant) and owned by defendant The Salvation Army. Following a trial, the jury found that plaintiff and defendant were each negligent, apportioned liability and awarded damages to plaintiff on the negligence cause of action and to plaintiff's wife on the derivative cause of action. In appeal No. 1, defendants appeal from a judgment awarding damages to plaintiff's wife and, in appeal No. 2, they appeal from a judgment awarding damages to plaintiff.

The record does not support the contention of defendants that they were unfairly prejudiced by plaintiffs' alleged untimely disclosure of information concerning plaintiff's receipt of disability insurance benefits. Contrary to defendants' further contention, Supreme Court properly permitted plaintiff's wife to testify, in support of the cause of action for loss of consortium, that the accident contributed to the breakdown of plaintiffs' marriage (*see generally Millington v Southeastern El. Co.*, 22 NY2d 498, 504-505 [1968]). Finally, defendants failed to preserve for our review their contention that during summation, plaintiffs' attorney improperly referred to their concession that plaintiff sustained a serious injury in the accident (*see generally Dailey v Keith*, 306 AD2d 815, 816 [2003], *affd* 1 NY3d 586 [2004]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.