1298

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Griffith (plaintiff) when his pickup truck collided with a delivery truck operated by Michael Gallagher (defendant) and owned by defendant The Salvation Army. Following a trial, the jury found that plaintiff and defendant were each negligent, apportioned liability and awarded damages to plaintiff on the negligence cause of action and to plaintiff's wife on the derivative cause of action. In appeal No. 1, defendants appeal from a judgment awarding damages to plaintiff's wife and, in appeal No. 2, they appeal from a judgment awarding damages to plaintiff.

The record does not support the contention of defendants that they were unfairly prejudiced by plaintiffs' alleged untimely disclosure of information concerning plaintiff's receipt of disability insurance benefits. Contrary to defendants' further contention, Supreme Court properly permitted plaintiff's wife to testify, in support of the cause of action for loss of consortium, that the accident contributed to the breakdown of plaintiffs' marriage (*see generally Millington v Southeastern El. Co.*, 22 NY2d 498, 504-505 [1968]). Finally, defendants failed to preserve for our review their contention that during summation, plaintiffs' attorney improperly referred to their concession that plaintiff sustained a serious injury in the accident (*see generally Dailey v Keith*, 306 AD2d 815, 816 [2003], *affd* 1 NY3d 586 [2004]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.

■ DAVID GRIFFITH, Respondent, et al., Plaintiff, v MICHAEL GALLAGHER et al., Appellants. (Appeal No. 2.) [852 NYS2d 869]—

Same memorandum as in *Griffith v Gallagher* (49 AD3d 1297 [2008]). Present—Scudder, P.J., Centra, Lunn, Fahey and Green, JJ.

■ DAVID GRIFFITH et al., Respondents, v MICHAEL GALLAGHER et al., Appellants. (Appeal No. 3.) [852 NYS2d 869]—

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MACKLIN, Appellant. [852 NYS2d 863]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]). Defendant contends that his waiver of the right to appeal is invalid because, in view of his age and lack of prior criminal history, County Court should have engaged in a more detailed colloquy. We reject that contention. The record establishes that defendant voluntarily, knowingly and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]), and the valid waiver encompasses defendant's challenge to the severity of the sentence (see id.). Defendant failed to preserve for our review his contention that the court should have afforded him youthful offender status (see CPL 470.05 [2]) and, in any event, that contention is encompassed by defendant's waiver of the right to appeal (see People v Williams, 37 AD3d 1193 [2007]). Present— Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNELL SMILEY, Appellant. [856 NYS2d 321]—

Memorandum: Defendant appeals from a judgment convicting