■ ENA CRUZ, Respondent, v THOMAS J. GUSTITOS et al., Appellants. [858 NYS2d 791]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Palmieri, J.), entered May 22, 2007, which, upon a jury verdict, and upon the granting of the plaintiff's application pursuant to CPLR 3101 (d) to preclude their medical experts from testifying at trial, is in favor of the plaintiff and against them in the principal sum of $235,000.

Ordered that the judgment is reversed, on the facts and in

the exercise of discretion, with costs, the application is denied, and a new trial is granted on the issue of damages only.

This action arises from a motor vehicle accident which occurred on April 23, 2003 in Nassau County. The plaintiff alleged that the accident resulted in a patellofemoral injury to her right knee which qualified as a serious injury within the meaning of Insurance Law § 5102 (d). The defendants conceded their liability and the matter proceeded to trial on the issue of damages. At the outset of the trial, the court granted the plaintiff's application to preclude the defense from calling two medical experts, Jerrold Gorski, an orthopedist, and Elizabeth Schultz, a radiologist, based upon the defendants' purported failure to comply with the requirements set forth in CPLR 3101 (d). In her report, Dr. Schultz concluded that the magnetic resonance imaging film of the plaintiff's right knee appeared normal, and Dr. Gorski, while noting the existence of prior complaints of pain in the plaintiff's right knee, found "no orthopedic findings on examination to date." At trial, the plaintiff acknowledged that she had previously injured her right knee in an accident which occurred in 2001. The jury found, inter alia, that the plaintiff sustained an injury to her right knee which resulted in a "significant limitation of use of a body function or system" and a "permanent consequential limitation of use of a body organ or member."

"Preclusion for failure to comply with CPLR 3101 (d) is improper 'unless there is evidence of intentional or willful failure to disclose and a showing of prejudice' " (*Gayz v Kirby,* 41 AD3d 782 [2007], quoting *Johnson v Greenberg,* 35 AD3d 380 [2006]; *see Shopsin v Siben & Siben,* 289 AD2d 220, 221 [2001]). Here, since the medical reports which the defendants exchanged with the plaintiff essentially complied with the requirements set forth in CPLR 3101 (d) (1) (i), there was no showing of a willful failure to disclose or of prejudice to the plaintiff. Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's application pursuant to CPLR 3101 (d) to preclude, and the defendants are entitled to a new trial on the issue of damages. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.