■ BARCHELLA CONTRACTING CO., INC., Respondent, v MARY LOU CASSONE, Appellant. [931 NYS2d 253]—

Preclusion for failure to comply with CPLR 3101 (d) is improper " 'unless there is evidence of intentional or willful failure to disclose and a showing of prejudice' " (*Johnson v Greenberg*, 35 AD3d 380, 380 [2006], quoting *Shopsin v Siben & Siben*, 289 AD2d 220, 221 [2001] [internal quotation marks omitted]). Here, while there was evidence that the defendant's belated disclosure of her expert information in response to the plaintiff's demand therefor was intentional, any potential prejudice to the plaintiff was ameliorated by the more than six months that passed between the defendant's disclosure of her expert information and the commencement of the trial (*see Gayz v Kirby*, 41 AD3d 782 [2007]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to preclude the defendant from offering expert testimony at trial (*id.*; *see Johnson v Greenberg*, 35 AD3d 380 [2006]; *Dailey v Keith*, 306 AD2d 815 [2003], *affd* 1 NY3d 586 [2004]).

Since the defendant was prejudiced by the preclusion, the matter must be remitted to the Supreme Court, Westchester County, for a new trial.

The defendant's remaining contentions are without merit. Dillon, J.P., Belen, Roman and Miller, JJ., concur.