EUGENIA KOSTUREK, Appellant, v JAN KOSTUREK, Respondent. [968 NYS2d 97]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Thomas, J.), entered May 11, 2011, as granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the issues of maintenance and equitable distribution of a certain parcel of real property located in Union, New Jersey, and, as, upon a decision of the same court dated February 10, 2011, made after a nonjury trial, failed to award her maintenance and equitable distribution of the real property.

Ordered that the order and judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion pursuant to CPLR 4401 which was for judgment as a matter of law on the issue of equitable distribution of the parcel of real property located in Union, New Jersey, and substituting therefor a provision denying that branch of the defendant's motion; as so

modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

Contrary to the Supreme Court's determination, the plaintiff established, prima facie, her entitlement to equitable distribution of a certain parcel of real property located in Union, New Jersey. The defendant admitted in his statement of proposed disposition that he acquired some ownership interest in the property during the marriage (*see* 22 NYCRR 202.16 [h]; *Lee v Lee*, 18 AD3d 508, 512 [2005]), and confirmed the timing of his acquisition in opening statements, during which defense counsel asserted that, during the marriage, the defendant purchased the property, though partially with money received from another source. This unequivocal, factual assertion made during opening statements constituted a judicial admission (*see Matter of Daniel C.*, 63 NY2d 927, 929 [1984]; *Baron v Suissa*, 74 AD3d 1108, 1109 [2010]; *Echavarria v Cromwell Assoc.*, 232 AD2d 347 [1996]; *Marmorale v Marmorale*, 103 AD2d 736, 736-737 [1984]; Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]; *cf. Rahman v Smith*, 40 AD3d 613, 614-615 [2007]; *Diaz v Bryant*, 29 AD3d 854 [2006]; *Wheeler v Citizens Telecom. Co. of N.Y., Inc.*, 18 AD3d 1002 [2005]; *De Vito v Katsch*, 157 AD2d 413 [1990]). It was thereby established that at least a portion of the defendant's interest in the property was presumptively marital property and, thus, the burden shifted to the defendant to rebut that presumption (*see* Domestic Relations Law § 236 [B] [1] [c]; *Shah v Shah*, 100 AD3d 734 [2012]; *Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]; *D'Angelo v D'Angelo*, 14 AD3d 476, 477 [2005]). Accordingly, that branch of the defendant's motion pursuant to CPLR 4401 which was for judgment as a matter of law on the issue of the equitable distribution of the parcel of real property located in Union, New Jersey, should have been denied, at which point the defendant should have been given the opportunity to rebut the presumption that the subject property was marital property.

Furthermore, the trial court, upon finding that the plaintiff failed to timely file and provide the defendant with an expert's report (*see* 22 NYCRR 202.16 [g]; CPLR 3101 [d]; *Rivers v Birnbaum*, 102 AD3d 26 [2012]), improvidently exercised its discretion in precluding the plaintiff's expert from testifying at trial on the issue of the value of the property. There is no proof that the failure to disclose was an intentional or willful failure (*cf. Kozlowski v Oana*, 102 AD3d 751 [2013]; *Kopeloff v Arctic Cat*,

*Inc.*, 84 AD3d 890, 890-891 [2011]). To the contrary, the plaintiff demonstrated good cause for the delay. Further, the defendant was not prejudiced, since he had sufficient time to retain his own expert, if he so chose, and to otherwise respond to the plaintiff's expert's opinion (*see LeMaire v Kuncham*, 102 AD3d 659, 661 [2013]). Under the circumstances presented here, preclusion of the expert witness was not warranted.

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for completion of the trial on the issue of the equitable distribution of the parcel of real property located in Union, New Jersey, at which the plaintiff's expert shall be permitted to testify and the defendant shall be given the opportunity to rebut the plaintiff's prima facie showing of entitlement to equitable distribution of the subject real property, and for a new determination on the issue of equitable distribution and the entry of an appropriate amended judgment thereafter.

The Supreme Court properly granted that branch of the defendant's motion pursuant to CPLR 4401 which was for judgment as a matter of law on the issue of maintenance. The plaintiff, whose limited evidence regarding the parties' financial circumstances demonstrated only that she is self-supporting and earns income comparable to that of the defendant, failed to demonstrate her prima facie entitlement to an award of spousal maintenance (*see generally Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.