■ RAYMOND BURBIGE, Appellant, v SIBEN & FERBER et al., Respondents. [981 NYS2d 537]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered August 1, 2012, which granted the defendants' motion to preclude his expert from testifying at a retrial and denied his cross motion pursuant to CPLR 3126 to impose a sanction upon the defendants for the spoliation of evidence.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the defendants' motion to preclude the plaintiff's expert from testifying at the retrial and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

In August 1989, the plaintiff was injured when a metal railing on a ladder he was descending broke off, causing him to fall. In June 1991, he retained the defendant Siben & Ferber, a partnership consisting of Gary L. Siben and Steven B. Ferber (hereinafter S&F), to represent him in a products liability lawsuit against the ladder manufacturer. The action was commenced in August

1991. After issue was joined in October 1991, the manufacturer filed for bankruptcy. The products liability action remained dormant until March 2004, when the defendant Leonard G. Kapsalis, then an associate at S&F, contacted the plaintiff to sign authorizations to verify his responses to interrogatories. One of the responses indicated that the plaintiff's employer had retained the subject ladder after his accident. However, while S&F's legal file contained photographs of the ladder, the location of the ladder was unknown. In 2007, the plaintiff commenced this legal malpractice action alleging, inter alia, that the defendants were negligent in failing to diligently prosecute the products liability action. The plaintiff now appeals from an order of the Supreme Court which granted the defendants' motion to preclude his expert from testifying at a retrial and which denied his cross motion pursuant to CPLR 3126 to impose a sanction upon the defendants for the spoliation of evidence.

CPLR 3101 (d) (1) (i) "does not require a party to respond to a demand for expert witness information at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute, unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (*Cutsogeorge v Hertz Corp.*, 264 AD2d 752, 753-754 [1999], quoting *Aversa v Taubes*, 194 AD2d 580, 582 [1993], quoting *Lillis v D'Souza*, 174 AD2d 976, 976 [1991] [internal quotation marks omitted]; *see Barchella Contr. Co., Inc. v Cassone*, 88 AD3d 832, 832 [2011]; *Saldivar v I.J. White Corp.*, 46 AD3d 660 [2007]; *Fava v City of New York*, 5 AD3d 724, 724-725 [2004]). Here, the record does not support a conclusion that the plaintiff's delay in retaining his expert or in serving his expert information was intentional or willful. Furthermore, any potential prejudice to the defendants was ameliorated by a two-month adjournment of the retrial agreed to by the parties (*see Shopsin v Siben & Siben*, 289 AD2d 220, 221 [2001]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to preclude the plaintiff's expert from testifying at the retrial (*see Johnson v Greenberg*, 35 AD3d 380 [2006]; *Dailey v Keith*, 306 AD2d 815 [2003], *affd* 1 NY3d 586 [2004]).

Contrary to the plaintiff's contention, the Supreme Court properly denied his cross motion pursuant to CPLR 3126 to impose a sanction upon the defendants for the spoliation of evidence, as there is no evidence that the defendants were responsible for the loss or destruction of the subject ladder (*see Gotto v Eusebe-Carter*, 69 AD3d 566, 567 [2010]). Dillon, J.P.,

Balkin, Chambers and Cohen, JJ., concur.