(May 21, 2014)

■ AMELIA ARCAMONE-MAKINANO, Appellant, et al., Plaintiff, v BRITTON PROPERTY, INC., et al., Respondents. [986 NYS2d 372]—

In an action, inter alia, to recover damages for trespass and for injunctive relief, the plaintiff Amelia Arcamone-Makinano appeals from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered August 10, 2012, as, upon granting the defendants' application pursuant to CPLR 3101 (d) (1) (i) to preclude the plaintiffs' experts from testifying at trial, and after a nonjury trial, dismissed so much of the first cause of action as sought a permanent injunction directing the defendants to immediately remove any and all improper installations and projections on the subject premises, dismissed the second and third causes of

action, and, upon finding liability on the fourth cause of action, awarded nominal damages of only one dollar to the plaintiffs.

Ordered that the order and judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, so much of the first cause of action as sought a permanent injunction directing the defendants to immediately remove any and all improper installations and projections on the subject premises and the second and third causes of action are reinstated, and a new trial is ordered on those causes of action, and as to damages on the fourth cause of action.

The plaintiffs, Amelia Arcamone-Makinano and Bonifacio Aguja Makinano, own real property adjacent to the defendants' property. During the construction of a six-story building on the defendants' property, 17 underpinnings, or I-beams, were installed, each of which encroaches approximately 8 to 11 inches onto the plaintiffs' property and extends from near the surface to 20 feet below the surface. The plaintiffs commenced this action to recover damages and for injunctive relief.

In an order dated August 11, 2011, Justice Brathwaite Nelson ordered the inspection of the I-beams and directed that it take place no later than November 7, 2011. The plaintiffs' engineer performed his inspection on October 20, 2011, well within that deadline. Then, at a conference on October 27, 2011, another justice orally directed the timing and particulars of disclosure with respect to the plaintiffs' experts, but did not issue a written order. The particulars of the other justice's directive were unclear, and the parties had different interpretations of it. On December 12, 2011, as a nonjury trial was to begin, the defendants made an oral application before Justice Brathwaite Nelson to preclude the plaintiffs' experts—the engineer and an appraiser—from testifying due to the plaintiffs' failure to properly disclose these witnesses pursuant to CPLR 3101 (d) (1) (i). During oral arguments on that application, it was asserted that the plaintiffs' engineer had completed his report just days earlier, that the plaintiffs disclosed their appraiser's identity in a letter that defense counsel received on December 8, 2011, and that the plaintiffs still had not disclosed the substance of the appraiser's proposed testimony.

Justice Brathwaite Nelson granted the defendants' application. Without the experts' testimony, the plaintiffs were unable to establish their entitlement to the injunctive relief sought in the first two causes of action and were unable to establish the actual damages sought in the third and fourth causes of action. Accordingly, after the trial, the Supreme Court, in its order and judgment, found, among other things, that the plaintiffs were

entitled to judgment on their fourth cause of action for trespass, but it awarded nominal damages of one dollar. The court also dismissed so much of the first cause of action as sought a permanent injunction ordering the defendants to remove the I-beams, and the second and third causes of action. The plaintiff Amelia Arcamone-Makinano appeals.

"CPLR 3101 (d) (1) (i) 'does not require a party to respond to a demand for expert witness information at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute, unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party' " (*Burbige v Siben & Ferber*, 115 AD3d 632, 633 [2014], quoting *Cutsogeorge v Hertz Corp.*, 264 AD2d 752, 753-754 [1999]; *see Kosturek v Kosturek*, 107 AD3d 762, 763-764 [2013]; *Barchella Contr. Co., Inc. v Cassone*, 88 AD3d 832, 832 [2011]).

The defendants did not establish that the plaintiffs willfully or intentionally violated a court directive regarding expert disclosure (*see Hoberg v Shree Granesh, LLC*, 85 AD3d 965, 966-967 [2011]; *Martin v Triborough Bridge & Tunnel Auth.*, 73 AD3d 481, 482 [2010]; *Nathel v Nathel*, 55 AD3d 434, 435 [2008]). Moreover, any prejudice to the defendants from late disclosure would have been limited, inasmuch as the defendants' own engineer was present when the plaintiffs' engineer conducted his inspection (*cf. Kosturek v Kosturek*, 107 AD3d at 764). A short adjournment of this nonjury trial could have eliminated prejudice entirely (*see Ocampo v Pagan*, 68 AD3d 1077, 1078 [2009]). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the defendants' application for preclusion of the plaintiffs' experts (*see id.*). Accordingly, a new trial is warranted.

The appellant's remaining contention is not properly before us (*see* CPLR 6315; *cf. Lelekakis v Kamamis*, 103 AD3d 693, 696-697 [2013]). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.

Motion by the respondents, on an appeal from a judgment of the Supreme Court, Queens County, entered August 10, 2012, to strike stated portions of the record and the appellant's brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated May 8, 2013, the respondents' motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.