Brand Medical Supply, Inc., as Assignee of Hills Heather and Bygrave Joyceline, Respondent, 
against
Unitrin Advantage Ins. Co., Appellant. 

Gullo & Associates, LLP (Cristina Carollo of counsel), for appellant.
Gary Tsirelman, P.C. (David M. Gottlieb and Selina Chin of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered May 31, 2018. The judgment, after a nonjury trial, awarded plaintiff the sum of $12,182.91.
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial limited to the issue of medical necessity.
Pursuant to an order entered February 17, 2017 in this action by a provider to recover assigned first-party no-fault benefits, the only issue for trial was whether the supplies at issue were medically necessary. At the nonjury trial, plaintiff's attorney moved to preclude defendant's expert witness on the ground that disclosure of the witness was untimely. The Civil Court granted plaintiff's application to preclude the witness and, since defendant did not have any other witnesses, found for plaintiff. A judgment awarding plaintiff the sum of $12,182.91 was entered on May 31, 2018.
"CPLR 3101 (d) (1) (i) does not require a party to respond to a demand for expert witness information at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute, unless there is evidence of intentional or willful failure to disclose and a showing of prejudice by the opposing party" (Cutsogeorge v Hertz Corp., 264 AD2d 752, 753-754 [1999] [internal quotation marks omitted]). Plaintiff attempted to demonstrate prejudice before the Civil Court. However, since defendant's witness was the doctor who had prepared the peer review reports upon which the denials of the claims were based, his name was listed as such in each of the denial of claim forms, and his report was attached to defendant's motion for summary judgment, it is clear that plaintiff was not prejudiced (see id.). Thus, the Civil Court erred in precluding defendant's expert from testifying (see Burbige v Siben & Ferber, 115 AD3d 632 [2014]; Market St. Surgical Ctr. v Global [*2]Liberty Ins. Co.,61 Misc 3d 155[A], 2018 NY Slip Op 51822[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
In view of the foregoing, this court need not reach defendant's other argument.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial limited to the issue of medical necessity.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 5, 2020