■ ANGELO F. MELITO et al., Appellants-Respondents, v GENESEE HOSPITAL, Respondent-Appellant.—Judgment unanimously affirmed without costs. Memorandum: The extent of physical injuries and resulting pain and suffering and loss of earnings are "questions peculiarly for the jury" *(Frey v Lang Brewery,* 256 App Div 1054), and we conclude that the jury's award of damages in this case did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]).

Plaintiff Angelo Melito suffered a myocardial infarction after undergoing a treadmill test administered at defendant hospital. The jury found that the cardiologist who administered that test was not negligent but that the hospital was negligent in its care of the plaintiff subsequent to administration of the test. That portion of the jury's verdict has not been appealed. Because an award of damages is limited to the injuries and pain and suffering caused by the defendant's negligence *(see generally,* 36 NY Jur 2d, Damages, § 64; 7A

Warren's New York Negligence, Personal Injuries, § 2.01 [2]; PJI 2:280), the jury could reasonably have concluded that the negligent acts of the agents and employees of the hospital did not cause a significant portion of plaintiff's pain and suffering. In this respect, the record reveals that the chest pain that precipitated plaintiff's heart attack developed during administration of the treadmill test, and conflicting evidence was presented whether the pain subsided upon administration of nitroglycerin medication. No evidence was proffered that plaintiff suffered pain attributable to his heart attack during the seven years after the attack and prior to trial. Accordingly, we perceive no basis to disturb the jury's award of $35,000 for Angelo Melito's pain and suffering, or its award of $25,000 to his wife for loss of consortium.

Plaintiffs' contention that the jury award for past and future loss of earnings was inadequate also lacks merit. Slightly more than three years after the heart attack, plaintiff suffered a massive stroke that confined him to a wheelchair. The jury found that there was no causal relationship between the heart attack and the stroke, and that finding has not been challenged on appeal. Under the circumstances, the jury's award of less than the sum claimed by plaintiff as earnings lost during the seven years prior to trial was reasonable and not incorrect as a matter of law (see, John v Supermarket Gen. Corp., 116 AD2d 625). Additionally, in assessing the extent of a plaintiff's loss of earning capacity in the future, the jury was entitled to consider plaintiff's age, health condition and other factors predating the subject injury (see, Schneider v Memorial Hosp. for Cancer & Allied Diseases, 100 AD2d 583, 584; Cole v Long Is. Light. Co., 24 Misc 2d 221, 229; PJI 2:290). The record indicates that, prior to his admission to defendant hospital, plaintiff's general health condition was such that he could have suffered a heart attack at any time. There was, therefore, a sound basis in the record for the jury's award of $13,200 for future loss of earnings. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J.—medical malpractice.) Present—Dillon, P. J., Callahan, Boomer, Green and Balio, JJ.