■ THOMAS DAWE et al., Respondents, v NEW YORK STATE ELECTRIC AND GAS CORPORATION et al., Appellants. (Appeal No. 1.)—Judgment unanimously affirmed with costs. Memorandum: This action was commenced in 1983. The trial court should have permitted defendants to introduce into evidence the testimony of their expert, who would have testified concerning the effects on plaintiff Thomas Dawe's life expectancy of health problems unrelated to the subject accident *(see, Melito v Genesee Hosp.,* 167 AD2d 842, 843). The expert was neither an examining nor a treating physician and pretrial disclosure of her testimony was not required by any rule or statute. Defendants, however, are not entitled to a new trial because the error did not prejudice any substantial right *(see,* CPLR 2002; *see also, Frias v Fanning,* 119 AD2d 796). As established through an offer of proof, defendants' expert would have testified that Dawe had a life expectancy of 16 to 18 years. The jury's award of future damages was based on a finding that Dawe had a life expectancy of 17 years. Contrary to defendants' contention, there was no showing in their offer of proof that the expert would offer any testimony about the effects of plaintiff's unrelated health problems on his future work-life expectancy.

We have examined defendants' other contention and find it to be without merit. (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Labor Law § 240 [1].) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.