■ KENNETH WYLIE, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. [694 NYS2d 535] —Amended judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action pursuant to the Federal Employers' Liability Act (FELA) to recover damages for the injuries he allegedly sustained during the course of his employment as a railroad conductor/brakeman. Defendant appeals from an amended judgment entered upon an itemized jury verdict awarding plaintiff $3,509,724 in damages. The first trial ended in a mistrial at the close of proof (*Wylie I*). The jury in the second trial returned a verdict in the amount of $4,031,926, but we reversed the amended judgment on appeal and granted a new trial (*Wylie v Consolidated Rail Corp.,* 229 AD2d 966 [*Wylie II*]). After the third trial ended in a mistrial (*Wylie III*), this trial ensued (*Wylie IV*). At *Wylie IV* defendant admitted liability but argued that plaintiff's alleged injuries were overstated.

We reject defendant's contention that the jury charge on causation was erroneous. Supreme Court properly charged the jury that plaintiff could not recover for injuries that were not caused or contributed to by the accident. Although the court failed to instruct the jury pursuant to then PJI 2:282 that "[r]ecovery must be confined to that damage due to enhancement and aggravation of the pre-existing condition, not the condition itself", it is undisputed that plaintiff's preexisting degenerative condition was latent and asymptomatic before the accident (*see, Kirschhoffer v Van Dyke,* 173 AD2d 7, 9). We conclude that the court's inadvertent use of the term "victim" during that charge was not unduly prejudicial.

We reject defendant's contention that the court committed reversible error in permitting the jury during deliberations to view damage summary sheets. Those sheets were prepared by plaintiff's counsel and used by him in his summation. The jury requested them during deliberations, and the court permitted the jury to view them in the courtroom. What occurred is akin

to a readback of counsel's summation (*see, People v Velasco*, 77 NY2d 469, 474), and the error, if any, does not require reversal. Furthermore, we conclude that the court did not err in correcting an obvious mathematical error on those sheets.

We also conclude that the court did not abuse its discretion in denying defendant's pretrial motion for a continuance to conduct another medical examination of plaintiff (*see, Frangella v Sussman*, 254 AD2d 391; *Cox v Catsimatidis*, 247 AD2d 506, *lv denied* 92 NY2d 801). Defendant examined plaintiff prior to *Wylie I*, and defendant waited until *Wylie IV* to request another examination. Defendant contended that the examination was necessary to evaluate plaintiff's need for additional surgery after the failure of spinal fusion surgery. The failure of the spinal fusion surgery, however, was neither unusual nor unanticipated (*see,* 22 NYCRR 202.21 [d]). It was documented in exchanged medical reports and discussed in testimony at *Wylie II*. Furthermore, defendant failed to demonstrate the medical necessity for a further examination after being given an opportunity to do so by the court. Defendant also sought the additional examination because plaintiff was evaluated for a heart condition after *Wylie II*. That evaluation, however, was negative, and plaintiff never alleged a heart condition as an element of damages.

Defendant further contends that the court's ruling precluding cross-examination of plaintiff's neurosurgeon regarding the effect of smoking on bone fusion was reversible error. We disagree. While such testimony may have been relevant on the issue of mitigation (*see, Gallo v Linkow*, 255 AD2d 113), it is not likely under the circumstances that it would have affected the verdict (*see, Blanchard v Means Indus.*, 635 So 2d 288, 294 [Ct App La]; *see generally,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2002, at 662). Plaintiff testified that he tried to stop smoking but was unable to, in part, because of the pain and depression caused by his injuries.

Furthermore, we conclude that any error resulting from the exclusion of expert testimony identifying plaintiff's cardiovascular risk factors does not warrant reversal (*see, Dawe v New York State Elec. & Gas Corp.*, 185 AD2d 632, *lv dismissed in part and denied in part* 81 NY2d 757). The court permitted cross-examination of plaintiff concerning those factors and did not preclude argument in summation on that issue. Additionally, defendant's contention that the court erred in refusing to strike testimony by plaintiff's neurosurgeon concerning the interpretation of a CT scan is not preserved for our review (*see,*

*Sampson v New York City Hous. Auth.*, 256 AD2d 19; *Rubio v Reilly*, 44 AD2d 592; Prince, Richardson on Evidence § 1-201 [a], at 5 [Farrell 11th ed]).

Defendant also did not preserve for our review its contention concerning the methodology used by plaintiff's economist to calculate lost earnings. Although defendant brought a preclusion motion addressing that issue, the record does not show that the motion was denied. That economist testified without objection, and the jury was instructed, as requested by defendant, regarding the alleged proper methodology. We also conclude that any error with respect to the methodology used by that economist to calculate plaintiff's pension loss was de minimis.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Amended Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Lawton, J. P., Wisner, Hurlbutt and Balio, JJ.