*528 OPINION OF THE COURT
Frederick J. Marshall, J.
The above-captioned, matter, having come on by way of posttrial motions following a unanimous jury verdict in favor of plaintiff, and the majority of posttrial issues having been resolved with the issuance of a memorandum decision duly granted by this court on December 23, 2008, one issue remains. Specifically, counsel disagree on the appropriate rate of interest to apply following entry of the judgment. The court has considered various correspondence from counsel as well as the oral argument had hereon, and this decision follows.
Plaintiff contends that the proper rate of interest to be applied to a money judgment rendered after a verdict entered by a New York State Supreme Court shall be governed by CPLR 5004. Thus, plaintiff argues that the proper rate of interest is 9%.
Defendants, however, contend that as the claim was brought under a federal statute, the Federal Employers’ Liability Act (FELA), the award of interest is governed by federal law, specifically 28 USC § 1961, which provides for a rate equal to the weekly average one-year constant maturity Treasury yield.
It is conceded that there are no cases squarely on point. Counsel for plaintiff have cited various cases in support, including Jansen v Raimondo & Son Constr. Corp. (293 AD2d 574 [2d Dept 2002]). However, that case involved a claim under the New York State Labor Law and has no application herein. Rohring v City of Niagara Falls (84 NY2d 60 [1994]) is equally inapposite.
Defendant has cited Monessen Southwestern R. Co. v Morgan (486 US 330 [1988]) for the proposition that postjudgment interest shall be governed by federal law. While not dispositive of the issue, the case is, nevertheless, instructive.
As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, while the substantive law governing them is federal.
Resolution of the issue turns on whether the calculation of postjudgment interest can be deemed merely procedural in nature so that state law applies, or is substantive so that federal law prevails. This court finds the dicta and decision in Monessen Southwestern R. Co. v Morgan (supra) compelling. Therein, Morgan was employed as a railroad brakeman and conductor. *529 While in the course of his employment, Morgan fell and suffered a permanent injury to his back. Thereafter, Morgan brought a claim under the FELA in a Pennsylvania state court. The jury found in favor of Morgan and made a monetary award. The trial judge, applying a state rule, assessed prejudgment interest on the amount so awarded.
In determining the impropriety of such an assessment, the Supreme Court held that “prejudgment interest constitutes too substantial a part of a defendant’s potential liability under the FELA for this Court to accept a State’s classification of a provision such as [Pennsylvania Rules of Civil Procedure] Rule 238 as a mere ‘local rule of procedure.’ ” (Id. at 336.) It is noted that rule 238 is denominated as a method to impute “delay damages” against a party not engaged in meaningful settlement negotiations.
The Court went on to reiterate that state courts are required to apply federal substantive law in adjudicating FELA claims and the long-settled rule that “ ‘the proper measure of damages [under the FELA] is inseparably connected with the right of action,’ and therefore is an issue of substance that ‘must be settled according to general principles of law as administered in the Federal courts.’ ” (Id. at 335, quoting Chesapeake & Ohio R. Co. v Kelly, 241 US 485, 491 [1916]; St. Louis Southwestern R. Co. v Dickerson, 470 US 409 [1985]; Norfolk & Western R. Co. v Liepelt, 444 US 490 [1980]; Michigan Central R. Co. v Vreeland, 227 US 59 [1913].)
Thus, the question addressed in Monessen, i.e., whether prejudgment interest is considered a part of “the proper measure of damages” and thus to be decided under federal law, is analogous to the question presented to this court, i.e., whether postjudgment interest is a part of the proper measure of damages, and thus, similarly to be decided under federal law. Application of the analysis undertaken by the Monessen Court compels a similar finding, that postjudgment interest constitutes too substantial a part of defendant’s potential liability under the FELA to accept the notion that interest calculations are merely procedural in nature.
It has long been recognized that one of the purposes of the FELA was to create “uniformity throughout the Union” with respect to rail carriers’ responsibility for injuries. (HR Rep 1386, 60th Cong, 1st Sess, at 3 [1908]; Dice v Akron, C. & Y. R. Co., 342 US 359 [1952]; Brady v Southern R. Co., 320 US 476 [1943].)
*530 It is therefore essential to maintain some uniformity with respect to damages available to injured litigants, including post-judgment interest assessed on any verdict.
Therefore, interest shall be calculated pursuant to 28 USC § 1961 (a) from the date the judgment is entered.