■ JANICE RIVENBURG, Respondent, v HIGHLAND HOSPITAL OF ROCHESTER et al., Appellants. (Appeal No. 1.) [898 NYS2d 916]—Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered April 22, 2009 in a medical malpractice action. The order denied the motion of defendants for judgment notwithstanding the verdict.

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (David Michael Barry, J.), entered April 22, 2009 in a medical malpractice action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained as the result of defendants' alleged medical malpractice. We conclude that Supreme Court properly denied defendants' post-trial motion for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict on damages for past and future pain and suffering on the ground that it deviated materially from what would be reasonable compensation. Contrary to defendants' contention, we conclude that the jury verdict with respect to liability is not against the weight of the evidence inasmuch as it cannot be said that "the evidence so preponderate[d] in favor of [defendants] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]; *see Homan v Herzig* [appeal No. 2], 55 AD3d 1413 [2008]; *Odom v Binghamton Giant Mkts.*, 237 AD2d 686, 687 [1997]). The parties presented conflicting expert testimony with respect to whether defendants' treatment of plaintiff deviated from the applicable standard of care and the effect thereof on the progression of her condition and the ultimate loss of her colon. "The decision to credit plaintiff's experts was within the province of the jury, and '[t]he verdict is one that reasonable jurors could have rendered on the basis of the conflicting expert testimony' " (*Stewart v Olean Med. Group, P.C.*, 17 AD3d 1094, 1096 [2005]). Further, defendants successfully sought to exclude the testimony of an expert taken outside the presence of the jury, and they therefore cannot now rely on that testimony to challenge the verdict.

We reject defendants' contention that the court erred in allowing plaintiff to raise an alternative theory of liability at trial that was not set forth in her bill of particulars or expert disclosures. The challenged testimony did not set forth a separate theory of liability but, rather, that testimony provided a possible explanation for why the treatment provided to plaintiff during her second hospital admission was ineffective in saving her colon (*cf. Lidge v Niagara Falls Mem. Med. Ctr.* [appeal No. 2], 17 AD3d 1033, 1035 [2005]). Moreover, plaintiff's expert disclosures complied with the requirements of CPLR 3101 (d) (1) (*see Green v Kingdom Garage Corp.*, 34 AD3d 1373, 1374 [2006]).

We conclude that the court properly denied defendants' request for an "error in judgment" charge. "That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that [the] defendant[s] . . . considered and chose among several medically acceptable treatment

alternatives" (*Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866, 866 [2001]; *see Nestorowich v Ricotta*, 97 NY2d 393, 399-400 [2002]), and this case does not fall within that narrow category (*see Vanderpool v Adirondack Neurosurgical Specialists, P.C.*, 45 AD3d 1477, 1478 [2007]). We further conclude that the court did not abuse its discretion in precluding defendants from presenting expert testimony concerning the potential side effects of a particular antibiotic. None of plaintiff's treating physicians testified at trial that he or she declined to treat plaintiff with that antibiotic because of any potential side effects (*see generally Dufel v Green*, 84 NY2d 795, 797-798 [1995]; *Wylie v Consolidated Rail Corp.*, 261 AD2d 955, 956 [1999], *lv denied* 93 NY2d 816 [1999]).

Finally, we conclude that the award for past and future pain and suffering does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Ellis v Emerson*, 57 AD3d 1435, 1436-1437 [2008]). Present—Martoche, J.P., Centra, Fahey, Peradotto and Pine, JJ.