■ STEPHEN TURNER, Respondent, v CSX TRANSPORTATION, INC., et al., Appellants. (Appeal No. 3.) [899 NYS2d 701]—Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 29, 2008 in a personal injury action. The order, insofar as appealed from, granted in part plaintiff's motion in limine and denied in part defendants' motion in limine.

■ STEPHEN TURNER, Respondent, v CSX TRANSPORTATION, INC., et al., Appellants. (Appeal No. 5.) [899 NYS2d 500]—

Appeal from an amended judgment of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 4, 2009 in a personal injury action. The amended judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the amended judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from an amended judgment awarding plaintiff damages for injuries he sustained as a result of the excessive lateral motion of the locomotive that he was operating on September 5, 2003, during the course of his employment by defendant CSX Transportation, Inc. (CSX). Contrary to defendants' contention, we conclude that Supreme Court properly granted those parts of plaintiff's cross motion for partial summary judgment on the issue of CSX's negligence under the Federal Employers' Liability Act ([FELA] 45 USC

§ 51 *et seq.*) and the Federal Locomotive Inspection Act ([LIA] 49 USC § 20701 *et seq.*) with respect to the two causes of action seeking damages for the injuries plaintiff sustained on September 5, 2003. Plaintiff established in support of his cross motion that he was violently thrown about the interior of the locomotive as a result of the excessive lateral motion of the locomotive, and we thus conclude that plaintiff met his initial burden of establishing as a matter of law that CSX violated its duty pursuant to the LIA "to keep all the parts and appurtenances of [its] locomotives in proper condition and safe to operate without unnecessary peril to life or limb" (*Mosco v Baltimore & Ohio R.R.*, 817 F2d 1088, 1091 [1987], *cert denied* 484 US 851 [1987]; *see King v Southern Pac. Transp. Co.*, 855 F2d 1485, 1489 [1988]). A violation of the LIA establishes "negligence per se under the FELA" (*Coffey v Northeast Ill. Regional Commuter R.R. Corp. [METRA]*, 479 F3d 472, 477 [2007]; *see Urie v Thompson*, 337 US 163, 189 [1949]). Defendants failed to raise a triable issue of fact concerning the condition of the locomotive when plaintiff experienced the excessive lateral motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that the court properly refused to use defendants' proposed jury instructions and verdict sheet with respect to apportionment. Even assuming, arguendo, that a jury may apportion a plaintiff's damages between a preexisting condition and the aggravation of that condition caused by a railroad's negligence (*see e.g. Sauer v Burlington N. R.R. Co.*, 106 F3d 1490, 1494 [1996]; *Stevens v Bangor & Aroostook R.R. Co.*, 97 F3d 594, 596, 601-603 [1996]; *cf. Norfolk & Western R. Co. v Ayers*, 538 US 135, 159-160 [2003]), we conclude that the court's "instructions made it clear to the jury that [plaintiff] was entitled to recover only for those injuries that were caused by defendants' negligence" (*Kirschhoffer v Van Dyke*, 173 AD2d 7, 9 [1991]; *see* PJI 2:282; *cf. Wylie v Consolidated Rail Corp.*, 261 AD2d 955 [1999], *lv denied* 93 NY2d 816 [1999]). Further, the instructions, as a whole, " 'adequately conveyed the sum and substance of the applicable law' " (*Ellis v Borzilleri*, 41 AD3d 1170, 1171 [2007]).

Finally, we reject defendants' contention that we should revisit our recent decision in *Canazzi v CSX Transp., Inc.* ([appeal No. 2] 61 AD3d 1347 [2009]) and change the standard of causation used in FELA actions. As we concluded in *Canazzi*, "[p]ursuant to [the] FELA, the issue of causation turns on whether [a] defendant's negligence played any part, even the slightest, in contributing to [a] plaintiff's injury" (*id.* at 1348 [internal quotation marks omitted]). That language is taken in

part from the United States Supreme Court's decision in *Rogers v Missouri Pacific R. Co.* (352 US 500, 506 [1957]), and it has been used repeatedly by the courts of this State (*see e.g. Sneddon v CSX Transp.*, 46 AD3d 1345, 1346 [2007]; *Robinson v CSX Transp.*, 40 AD3d 1384, 1386 [2007], *lv denied* 9 NY3d 815 [2007]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ. **[Prior Case History: 23 Misc 3d 527.]**